## GILLIS *v.* STINCHFIELD.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 661. Submitted November 11, 1895. — Decided November 25, 1895.

The decision by the highest court of a State that the grantor of a portion of the ground of a mining claim is estopped, on general principles of law and by the statutes of the State, from claiming priority of title to a space of vein-intersection within the granted premises, by reason of his locating the portion retained by himself before a location of the granted portion by his grantee, presents no Federal question.

THIS was an action brought by Stinchfield against Gillis and others in the Superior Court of Tuolumne County, California, to recover the value of certain gold alleged to have been taken by defendants from the mining claim of plaintiff. Gillis, for many years, had held and asserted ownership of a mining claim known as the Carrington, and had sold and conveyed by deed of grant, bargain and sale a portion of the ground to Stinchfield. Immediately after executing the deed to Stinchfield, Gillis located that portion of the claim which he retained, and denominated his location the Carrington, and afterwards Stinchfield located the ground he had purchased and denominated it the Pine Tree claim. Thereafter Gillis,

or those under him, entered upon the ground he had sold to Stinchfield at the intersection of two veins, one of which had its apex in the portion of the original claim which Gillis had retained, and the other had its apex in the ground sold to Stinchfield, and dug out and appropriated a large amount of gold, the space of vein-intersection from which the gold was taken being entirely in Stinchfield's ground.

The trial court gave judgment for Stinchfield, and Gillis appealed to the Supreme Court of California, by which the judgment of the lower court was affirmed. 40 Pac. Rep. 98. The Supreme Court was of opinion that Gillis was estopped, under the law of California, by his deed to Stinchfield, from claiming priority of title to the space of vein-intersection by reason of the location which he had made after the execution of the deed, but before the location by Stinchfield of the ground conveyed to him. The same conclusion had been reached and announced on a former appeal. 96 Cal. 33.

A writ of error from this court having been allowed, a motion to dismiss was submitted.

*Mr. M. A. Wheaton, Mr. T. M. Kalloch,* and *Mr. F. J. Kierce* for the motion.

*Mr. J. C. Campbell, Mr. F. W. Street,* and *Mr. J. F. Rooney* opposing.

THE CHIEF JUSTICE: Neither in the pleadings nor in the proceedings during the trial, nor in the specifications of error below, was any Federal question specifically raised, nor was any right, title, privilege, or immunity of a Federal nature set up or claimed. *Sayward* v. *Denny,* 158 U. S. 180. It is, however, contended that the record shows that a Federal question arose in the case, as considered by both the Superior and the Supreme Courts, and was decided adversely to plaintiffs in error, namely, that Gillis had the right to follow what was known as the Rice vein, which had its apex on the Carrington mine, upon its dip, beneath the surface of the Pine Tree mine, and to appropriate to his own use the gold found

in that vein at the point of its intersection with the so-called West vein, which had its apex on the Pine Tree mine, because the Carrington mine was the older or prior location; and that this could only be determined by an application of sections 2322 and 2336 of the Revised Statutes. But the decision of the Supreme Court was clearly based upon the estoppel deemed by that court to operate against plaintiffs in error upon general principles of law and the statute of California in respect of such a conveyance as that to Stinchfield, irrespective of any Federal question. And this was an independent ground broad enough to maintain the judgment. The writ of error must, therefore, be dismissed. *Eustis* v. *Bolles,* 150 U. S. 361; *Rutland Railroad Co.* v. *Central Vermont Railroad Co.,* 159 U. S. 630.

*Writ of error dismissed.*