## SCHAEFER *v.* WERLING.

### ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 151.  Argued January 27, 28, 1903.—Decided February 23, 1903.

The construction placed by the highest courts of the State upon a statute providing for paving streets and distributing the assessment therefor is conclusive upon this court.

Where a person attacking the validity of an assessment claims that the city is estopped from proceeding to collect the benefits assessed upon lots, the owner whereof objected in writing, and which objections were placed on file by the common council, the question, so far as such estoppel is concerned, is purely state, and not Federal.

Within repeated decisions of this court the statute in question in this case is not in conflict with the Constitution of the United States.

THE case is stated in the opinion of the court.

*Mr. S. M. Sayler* and *Mr. W. W. Dudley* for plaintiff in error.

*Mr. John C. Chaney* for defendant in error. *Mr. Alphonso Hart, Mr. William H. Hart, Mr. John G. Cline* and *Mr. Clifford F. Jackman* were on the brief.

MR. JUSTICE BREWER delivered the opinion of the court.

In September, 1892, the plaintiff in error, the owner of five

lots on Williams street, in Schaefer's addition to the city of Huntington, Indiana, with other lot owners, petitioned the city council to have the street graded and graveled. On July 10, 1893, the petition was granted and the street ordered to be so improved. After this improvement had been ordered some of the lot owners petitioned the city council to order the street paved with brick. This petition was presented on August 14, 1893. A remonstrance was at the same time presented, the plaintiff in error being one of the parties thereto. Notwithstanding the remonstrance the city council ordered that the street be paved with brick, and let a contract therefor to the defendants in error. They completed the work according to the contract, and the lots abutting on Williams street were assessed for the cost thereof—the assessment being made by the front foot—and a precept to collect the amount due on the lots of the plaintiff in error issued to the city treasurer. Further proceedings were had on appeal, in accordance with the provisions of the statute, which ended in a decision of the Supreme Court, 156 Indiana, 704, affirming the validity of the assessment, on the authority of *Adams* v. *City of Shelbyville*, 154 Indiana, 467, and thereupon the case was brought here on writ of error.

The case involves the validity of a statute of Indiana known as the "Barrett law," enacted in 1889. Sections 4288 to 4298, Burns Rev. Stat. 1894. We deem it sufficient to refer to the opinion in *Adams* v. *City of Shelbyville, supra,* in which the Supreme Court of Indiana closed an elaborate discussion of the various provisions of the law in these words :

"We therefore conclude that section 3, acts 1889, § 4290, Burns 1894, must be construed as providing a rule of *prima facie* assessments in street and alley improvements, which allotments by the city or town engineer, under section 6 of said act of 1889, § 4293, Burns 1894, are subject to review and alteration by the common council and board of trustees, under section 7 of said act of 1889, as amended, acts of 1891, p. 324; acts 1899, p. 64; § 4294, Burns 1894, upon the basis of actual special benefits received by the improvement ; and that under said section 7, the common council of a city, or board of trustees of

an incorporated town, have not only the power, but it is their imperative duty, to adjust the assessments for street and alley improvements, under said act, to conform to the actual special benefits accruing to each of the abutting property owners."

Of course, the construction placed by the Supreme Court of a State upon its statutes is, in a case of this kind, conclusive upon this court. *Forsyth* v. *Hammond,* 166 U. S. 506, 518, and cases cited. And with that construction the following recently decided cases, in which the matter of street assessment was fully considered, sustain the decision of the state court upholding the validity of the law: *Barber Asphalt Paving Company* v. *French,* 181 U. S. 324; *Wight* v. *Davidson,* 181 U. S. 371; *Tonawanda* v. *Lyon,* 181 U. S. 389; *Webster* v. *Fargo,* 181 U. S. 394; *Cass Farm Company* v. *Detroit,* 181 U. S. 396; *Detroit* v. *Parker,* 181 U. S. 399; *Wormley* v. *District of Columbia,* 181 U. S. 402; *Shumate* v. *Heman,* 181 U. S. 402; *Farrell* v. *West Chicago Park Commissioners,* 181 U. S. 404; *King* v. *Portland City,* 184 U. S. 61; *Voigt* v. *Detroit City,* 184 U. S. 115; *Goodrich* v. *Detroit,* 184 U. S. 432.

Another question presented is this: The plaintiff in error appeared by counsel before the city council and filed written objections to the brick pavement "because the cost of said improvement will greatly exceed the benefit of said improvement; second, said proposed improvement is not necessary to said real estate, and is not of public utility to said real estate." The record of the city council shows that "after some discussion on the matter Mr. Levy moved to place the communication on file, which motion was concurred in." In her answer filed in the Circuit Court plaintiff in error alleged that she appeared before the common council, "and offered to present her objections to the necessity of said improvement, but that the said common council refused to hear her objections to the improvement of said street with brick, treating her said objections as a mere communication, and ordering the same placed on file." She further averred that she could and would have shown by witnesses that the improvement was not necessary, and also "that by reason of the refusal of the said action thereon the said city of Huntington, Indiana, is estopped from proceeding to collect any benefits as-

sessed on the lots herein described." The Circuit Court sus-tained a demurrer to this answer. It may be observed that, so far as the question was one of estoppel, it was a purely state and not a Federal question. *Gillis* v. *Stinchfield,* 159 U. S. 658; *Phœnix Insurance Company* v. *Tennessee,* 161 U. S. 174; *Beals* v. *Cone, ante,* p. 184. Further, the matter was not noticed by the Supreme Court, and its judgment is the one before us for review.

We see no error in the record, and the judgment is

*Affirmed.*