SAND SPRINGS RAILWAY CO., a corporation, Plaintiff in Error,

v.

CITY OF TULSA et al., Defendants in Error.

No. 38313.

Supreme Court of Oklahoma.

April 7, 1959.

Rehearing Denied May 26, 1959.

Doerner, Rinehart & Stuart, Harry D. Moreland, Tulsa, for plaintiff in error.

Darven L. Brown, City Atty., Charles E. Norman, Asst. City Atty., Tulsa, for defendants in error.

WILLIAMS, Vice Chief Justice.

This was an action to invalidate and set aside City of Tulsa Street Improvement District No. 1514 as it concerns the property of plaintiff. Judgment for defendant. Plaintiff appeals. The parties will be referred to as they appeared in the trial court.

In 1956 the Board of Commissioners of the City of Tulsa created Street Improvement District No. 1514 for the purpose of paving a part of 7th Street in the City of Tulsa (and two nearby blocks, as well). Plaintiff's railroad right of way, which it owns, abuts on said 7th Street for a distance of 2,931 feet within said improvement district, the north line of said right of way being the south boundary of said 7th Street. This right of way is approximately 50 feet wide and lies between said 7th Street and the Sand Springs Road.

Plaintiff does not state any specific assignment of error but contends that the ac-

tion of the Board of Commissioners in creating said improvement district and making assessment of costs against plaintiff's property is an abuse of its legislative function.

■ The resolution of necessity for such improvement and creating said district was adopted March 2, 1956. No action or suit to question the findings of the Board of Commissioners was initiated within the time specified in 11 O.S.1951 § 85. Said resolution has become final and conclusive. The question of whether plaintiff's lands should have been excluded from said improvement district for the reason that said lands receive no benefit from the proposed improvement cannot be raised at this time. City of Lawton v. Akers, Okl., 333 P.2d 520.

■ Since the question of whether it receives any benefit from said improvement may not be considered at this time, plaintiff, to enable itself to any relief at our hands, must show it is being deprived of some of its constitutional rights, or show that this assessment is arbitrary or oppressive.

Section 97 of Title 11, O.S.1951, in pertinent part provides:

"It shall be the duty of said appraisers * * * to proceed to appraise and apportion the benefits to such lots and tracts of land as shall have been designated by the governing body * * *."

§ 98 thereof provides in part:

"When said report shall have been so returned, the governing body of any city or incorporated town shall appoint a time for holding a session to hear any complaints or objections that may be made concerning the appraisement and apportionment as to any of such lots or tracts of land * * *." and

§ 99 thereof provides in part as follows:

" * * * At or prior to said session, any person, firm or corporation may file objections in writing against the validity or amount of any proposed assessment, specifically setting forth the nature thereof, and shall have full opportunity to be heard thereon; and said governing body shall adjudicate and determine said objections and shall make such order as may be just and proper. * * *"

On July 31, 1956, a hearing was held by the Board of Commissioners for the purpose of hearing complaints and objections concerning the appraisement and apportionment of assessments. Plaintiff appeared at said hearing and objected to the assessment against its property.

■ This action was instituted within ten days of such hearing. Defendant urges no period of limitations set up by statute or the charter of the City of Tulsa. We therefore hold that this action was timely brought to contest the ruling of the Board of Commissioners at the hearing pursuant to 11 O.S.1951 § 99.

The assessment apportioned to plaintiff's property on a "bare lot" basis was $15,789.63. The total costs for the entire improvement district were $67,046.85. Excluding costs of paving the other blocks in said district which do not abut on plaintiff's property, the assessment levied against plaintiff's property amounted to approximately 25% of the costs of improving 7th Street within the district. The record shows that the assessment for paving costs was apportioned on a front footage basis, without regard to any special benefit to the properties involved; and other costs involved were apportioned on a quarter block method specified in the charter of the City of Tulsa.

The parties stipulated "that the City Commission's procedure in determining the footage and calculating the cost thereof and dividing or apportioning the assessment was done in accordance with the provisions of the charter of the City of Tulsa so far as the methods and mechanics of it are concerned."

■ The general rule is that an apportionment of assessments for local improvements on a front footage basis is not a deprivation of property without due proc-

ess of law. Roberts v. Richland Irr. Dist., 289 U.S. 71, 53 S.Ct. 519, 77 L.Ed. 1038. Nor does such apportionment violate the Fourteenth Amendment. Withnell v. Ruecking Const. Co., 249 U.S. 63, 39 S.Ct. 200, 63 L.Ed. 479; Schaefer v. Werling, 188 U.S. 516, 23 S.Ct. 449, 47 L.Ed. 570.

The trial court found "that the assessments levied by the defendants, acting as the Board of Commissioners of the City of Tulsa, Oklahoma, upon the property of the plaintiffs and others in said Street Improvement District No. 1514, were properly made and are proportionate to the benefits to be received by the properties owned by plaintiffs."

Since the finding of the Board of Commissioners of some benefit accruing to plaintiff's property is now conclusive, and there being no showing that said assessments are arbitrary and oppressive, the judgment of the trial court should be and is affirmed. Roberts v. Richland Irr. Dist., supra.

Judgment affirmed.