The CITY OF MUSKOGEE, Oklahoma, a municipal corporation, and Ark Valley Construction Co., a corporation, Plaintiffs in Error,

v.

R. C. BORUM, Defendant in Error.

No. 39686.

Supreme Court of Oklahoma.

Sept. 18, 1962.

As Corrected Sept. 24, 1962.

**870**

Andrew Wilcoxen, Muskogee, for plaintiff in error City of Muskogee.

Smith, Leaming & Swan, Oklahoma City, for plaintiff in error Ark Valley Const. Co.

Forrester Brewster, Muskogee, for defendant in error.

DAVISON, Justice.

This is an appeal from a judgment in favor of R. C. Borum (plaintiff below) and against the City of Muskogee and Ark Valley Construction Co. (defendants below) canceling a paving assessment that was assessed against plaintiff's property in Street Improvement District No. 239, and enjoin-

ing the defendants from extending and spreading of record such assessment against the property of plaintiff. The parties will be referred to as they appeared in the lower court or by name.

Plaintiff's petition was filed December 16, 1960, alleging inter alia that his property was not and will not be specially benefited by the paving of South 40th Street in said District; that the assessment was arbitrary, oppressive and confiscatory and was a taking of his property without compensation and without process of law; and prays that the extension of the assessment against his property be enjoined.

Defendants' answers allege the procedure followed by the City from the creation of the District to and including the passage of the assessing ordinance and that the procedure was in accordance with the applicable statutes; that plaintiff's action was barred for failure to protest or bring suit within the 15 day period after publication of the adopted resolution of necessity, as provided in 11 O.S.1961 § 85; and that plaintiff was estopped by waiting until after the paving was completed to bring his suit.

Judgment was rendered in favor of plaintiff with findings in accord with the above described allegations of the petition and further that the assessment was based upon an arbitrary estimate without regard to any benefits.

It is admitted that from a procedural standpoint the procedure followed by the City in the creation of the Improvement District and thereafter, to and including the passage of the assessment ordinance, complied with the governing statutes.

In 1959 the City of Muskogee created Street Improvement District No. 239 for the paving of a number of streets, including a portion of South 40th Street. On June 8, 1959, the City, pursuant to 11 O.S. 1961 § 85, adopted and approved the preliminary plans, estimates and assessment plats prepared by the city engineer and passed the resolution of necessity. Plain-

tiff's property was included in the assessment area. The resolution was published as required by § 85 and no protest was made to the paving of South 40th Street. No suit contesting the action of the City Council, as authorized by 11 O.S.1961 § 86, was filed by plaintiff.

The paving was performed by the defendant Ark Valley Construction Co., and was improved by the City. Thereafter the appraisers fixed the benefits to plaintiff's property at $711.56. The plaintiff appeared at the Council meeting and made complaint (11 O.S.1961 § 98) and the west 30 feet of his property was removed from the paving district and the assessment was reduced to $678.59. Plaintiff filed his suit within the 15 day limitation period (11 O.S.1961 § 108) after publication of the ordinance levying the assessment.

The assessment under attack is connected with the paving of a 630 feet portion of South 40th Street lying between Columbus Avenue on the south and Okmulgee Avenue on the north. The first platted street west of South 40th Street is 1290 feet to the west and is designated 44th Street. This block area within the confines of said streets and avenues was platted and numbered from east to west as Lots 1, 2, 3 and 4, Fairview Addition. Plaintiff is the owner of the north 300 feet of Lot 2, being 330 feet by 300 feet and fronting north on Okmulgee Avenue and 300 feet west of South 40th Street.

Plaintiff and his witnesses testified his property was not benefited by the paving. Defendants objected to the admissibility of this testimony. Plaintiff admitted he was aware that the paving was being constructed but said he had no idea his property would be assessed. Defendants relied upon the testimony of the city engineer and the record of the paving proceedings. This testimony and record reflects that the appraisers appointed by the city proceeded to appraise and apportion the benefits to the involved area upon a quarter block basis, as provided in 11 O.S.1961 § 101, and with progressively lesser benefits to the tracts therein as the distance from South 40th Street increased. This was calculated by dividing the distance into 5 parts with the nearest fifth bearing 35% of the costs and thence progressively less so that the farthest fifth bore 10% of the cost. It appears that the city engineer had prepared a statement of calculated amounts of benefits on this basis and gave it to the appraisers for their guidance, but there is no proof that the appraisers in using the same in their inspection and appraisal of benefits, were influenced to make other than what they deemed to be a fair and impartial appraisement and apportionment.

■ Title 11 O.S.1961 §§ 85 and 86, provide a period of 15 days after publication of the resolution of necessity within which protest or suit may be instituted against the making of the improvement and if not instituted the City shall have power to make the improvement and levy assessments for the payment thereof. No such protest or suit was instituted by plaintiff. In Sand Springs Railway Co. v. City of Tulsa, Okl., 339 P.2d 787, we stated:

"Where a parcel of property is included within a street improvement district and no action is filed within the time specified in 11 O.S.1951 § 85, attacking the resolution of necessity upon the ground that such improvement will confer no benefit on such parcel of property, such resolution of necessity becomes final and establishes the fact that such parcel of land will receive some benefit from the improvement."

And in Ambrister v. City of Norman, Okl., 344 P.2d 665, we further stated:

"The general rule is that the necessity of the improvement and the benefit accruing to the property within the improvement district are legislative questions, and having been determined by a city, in its legislative capacity, is conclusive upon the courts."

See also Baldwin v. City of Lawton, 198 Okl. 585, 185 P.2d 699.

Plaintiff, having failed to avail himself of the benefits of said statutes, is foreclosed from urging that his property received no benefits, and to secure any relief must show he has been deprived of some constitutional right, or show that the assessment is arbitrary or oppressive. Sand Springs Railway Co. v. City of Tulsa, supra.

Under the provisions of Sections 98 and 99 of Title 11 O.S.1961, it is provided that after published notice is given a hearing shall be held to consider complaints regarding the appraisement and apportionment made by the appraisers and empowering the governing body of the City to adjudicate and determine the objections and to make such order as may be just and proper. As above stated, plaintiff did appear and object, and the amount of the assessment was reduced by removing the west 30 feet from the District. The apparent reason for such action was that although the appraisers, under the requirements of 11 O.S.1961 § 101, had appraised and apportioned on a quarter block basis still the City Council believed it was under the circumstances restricted to the 600 foot limitation in said section relative to property deemed to be abutting on the improvement.

■ The proposition is whether the method of appraising and apportioning was arbitrary and oppressive in the sense that it violated the due process provisions of Sec. 7, Art. 2, of the Oklahoma Constitution and the Fourteenth Amendment to the U. S. Constitution. In Sand Springs Railway Co. v. City of Tulsa, supra, we stated that the general rule is that an apportionment of assessment for local improvements on a front footage basis is not a deprivation of property without due process of law. Also in St. Louis-San Francisco Ry. Co. v. City of Tulsa, 170 Okl. 398, 41 P.2d 116, 118, we recognized the validity of an assessment that, as here, was graduated according to the distance from the improved street. The use of a mathematical formula in apportioning an assessment is not inherently arbitrary or oppressive. It must be shown that it has such a result to a degree that violates due process.

In 63 C.J.S. Municipal Corporations § 1451, p. 1237, it is stated:

"* * * The official certificates of commissioners of assessment are entitled to great weight as evidence and are held erroneous only on convincing proof * * *."

■ Since, as heretofore stated, the finding of some benefit to plaintiff's property was conclusive, and there was no showing that apportionment of the assessment on a graduated scale according to distance from the improved street was arbitrary or oppressive, such apportionment should be sustained.

Plaintiff relies to a large extent upon our decision in City of Lawton v. Akers, Okl., 333 P.2d 520. The case does not aid plaintiff because there the plaintiffs, upon approval of the plans, plat and preliminary estimates and passage of the resolution of necessity, brought their suit to establish the improvement would confer no benefit on their property. They did not wait, as the present plaintiff has done, and file suit after the improvement was completed and approved. The legal effect of such delay is pointed out in Sand Springs Railway Co. v. City of Tulsa, supra. Also in the Akers case the improvement was not a local improvement and plaintiffs' properties were not benefited thereby as required by Art. 10, Sec. 7, Oklahoma Constitution.

■ From our examination of the record and in view of the law herein stated we conclude that this is a situation where the doctrine of estoppel applies. In Decker v. Ponca City, Okl., 361 P.2d 195, we stated:

"Where jurisdiction is conferred upon a municipal body to provide for paving its streets, and charge the cost thereof against the property benefited, according to the method provided by law, a property owner who stands by while such work is being prosecuted, with full knowledge that large expenditures are being made for such im-

provement which will benefit his property, will not, after the work is completed, be afforded relief by injunction against assessments levied against the property benefited to pay for such work."

The judgment is contrary to the clear weight of the evidence.

Judgment reversed with directions to render judgment for the defendants.