# WITHNELL *v.* RUECKING CONSTRUCTION COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 142.   Argued January 16, 1919.—Decided March 3, 1919.

When an assessment for a local improvement is made in accordance
   with a fixed rule prescribed by legislative act, the property owner is
   not entitled to be heard in advance on the question of benefits.  P. 68.
Within this principle, an assessment made in accordance with the rule
   prescribed by the charter of the City of St. Louis is legislative in
   character, since that charter, having been adopted by direct vote
   of the citizens under a special provision of the Missouri constitu-
   tion, has, as respects local assessments, all the force of a legislative
   act.  P. 69. *St. Louis* v. *Western Union Telegraph Co.*, 149 U. S. 465.
The method of assessing part of the cost of local improvements ac-
   cording to frontage, as provided in the St. Louis charter, is unassail-
   able, under the previous decisions of this court.  P. 70.  *Gast Realty
   Co.* v. *Schneider Granite Co.*, 240 U. S. 55; *s. c.*, 245 U. S. 288.
Objections based on the manner of laying out an improvement district,
   and on alleged failure to conform with the city charter, raise only
   local questions.   P. 70.

The system of area assessment provided by the St. Louis charter (*Gast Realty Co.* v. *Schneider Granite Co.*, 240 U. S. 55) is not *per se* obnoxious to the Fourteenth Amendment, and becomes so in its application only when the results are palpably arbitrary or grossly unequal. P. 71.

269 Missouri, 546, affirmed.

The case is stated in the opinion.

*Mr. Edmund T. Allen* and *Mr. Clifford B. Allen,* for plaintiff in error, submitted:

An ordinance providing for the apportionment of the cost of an improvement must, in order to be valid, provide some rule capable of producing reasonable equality between the parties assessed, and a fair distribution of the taxes proportionately to the benefits received. *Gast Realty Co.* v. *Schneider Granite Co.*, 240 U. S. 55; *Myles Salt Co.* v. *Iberia Drainage District*, 239 U. S. 478; *Wagner* v. *Baltimore*, 239 U. S. 207; *St. Louis & Kansas City Land Co.* v. *Kansas City*, 241 U. S. 419; *Houck* v. *Little River Drainage District*, 239 U. S. 254; *Martin* v. *District of Columbia*, 205 U. S. 135, 139; *Raymond* v. *Chicago Union Traction Co.*, 207 U. S. 20.

The ordinance in this case is invalid because the rule it applied to defendant's property did not produce reasonable equality between the parties assessed, and was not based upon the idea of benefits, equality and justice. The same tax was levied on property 297 feet away from the street to be improved as was levied upon property within a foot of it. *Gast Realty Co.* v. *Schneider Granite Co.*, *supra; Norfolk County Water Co.* v. *Norfolk*, 246 Fed. Rep. 652; *Norris* v. *Montezuma Valley Irrigation District*, 248 Fed. Rep. 369, 372; *Bush* v. *Branson*, 248 Fed. Rep. 377, 380; *Dietz* v. *Neenah*, 91 Wisconsin, 422; *White* v. *Gove*, 183 Massachusetts, 333.

The ordinance is void because it applied a vicious, arbitrary, and unjust rule to the defendant's property,

and its application thereto results in gross inequality and injustice, and practical confiscation.

The City of St. Louis is a political subdivision of the State of Missouri. *Northcut* v. *Eager*, 132 Missouri, 265; *Steffen* v. *St. Louis*, 135 Missouri, 44; *Straub* v. *St. Louis*, 175 Missouri, 413.

There was no opportunity afforded defendant to be heard upon the validity of the tax, and the amount of the assessment. *Collier Estate* v. *Western Paving Co.*, 180 Missouri, 375; *Meier* v. *St. Louis*, 180 Missouri, 391; *Houck* v. *Little River Drainage District*, 248 Missouri, 373.

The landowner must have an opportunity to be heard as to the validity and apportionment of a special assessment for local improvements, before it becomes a lien on his property. "The law itself must save the parties' rights, and not leave them to the discretion of the court as such" in a suit to enforce the lien. *Security Trust Co.* v. *Lexington*, 203 U. S. 323; *Coe* v. *Armour Fertilizer Works*, 237 U. S. 413; *Londoner* v. *Denver*, 210 U. S. 373; *St. Louis & Kansas City Land Co.* v. *Kansas City*, 241 U. S. 419; *Embree* v. *Kansas City Road District*, 240 U. S. 242; *Roller* v. *Holly*, 176 U. S. 398; *Louisville & Nashville R. R. Co.* v. *Central Stock Yards Co.*, 212 U. S. 132; *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 112; *State* v. *Colbert*, 273 Missouri, 198; *Sandersville* v. *Bell*, 146 Georgia, 737; *Bouslog* v. *Gulfport*, 112 Mississippi, 184; *Violet* v. *Alexander*, 92 Virginia, 561; *Stuart* v. *Palmer*, 74 N. Y. 183.

*Mr. Frank B. Coleman,* with whom *Mr. George M. Block* was on the brief, for defendant in error:

The charter of the City of St Louis and the powers therein conferred upon the City with respect to municipal matters, including special assessments for local improvements, are an express grant by the constitution of Missouri, and these powers, when exercised by the City, are legislative powers as distinguished from delegated powers.

Where the amount of the benefit conferred and the proper adjustment of the taxes among the property owners and the assessment and classification of the property to be improved are fixed and designated by a legislative act, no notice or hearing is required, in order to constitute due process of law within the meaning of the Federal Constitution. *Gast Realty Co.* v. *Schneider Granite Co.*, 245 U. S. 288, s. c., 240 U. S. 55; *Embree* v. *Kansas City Road District*, 240 U. S. 242, 250, 251; *Houck* v. *Little River Drainage District*, 239 U. S. 254, 262; *Wagner* v. *Baltimore*, 239 U. S. 207, 216, 218, 219; *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324, 341, 343; *Shumate* v. *Heman*, 181 U. S. 402, 403; *Meier* v. *St. Louis*, 180 Missouri, 391, 409; *Pryor* v. *Construction Co.*, 170 Missouri, 451.

The constitutionality and the legality of tax-bills issued pursuant to the provisions of § 14, Art. VI, of the charter of the City of St. Louis have been sustained both by the Supreme Court of the State of Missouri and by this court.

This court and the Missouri Supreme Court have both held, where tax-bills were issued for street improvements under the authority of Art. VI, § 14, of the charter of the City of St. Louis, that the one-fourth levied and assessed under the front-foot rule is valid and incontestable even where the three-fourths of such tax-bills assessed under the area rule are invalid because of gross inequalities in the assessment thereof.

In levying assessments for special improvements, there is no requirement of the Federal Constitution that for every payment there must be an equal benefit. And the fact that there may be inequalities is not enough to invalidate the tax-bills. *Gast Realty Co.* v. *Schneider Granite Co.*, *supra*; *St. Louis & Kansas City Land Co.* v. *Kansas City*, 241 U. S. 419, 430; *Houck* v. *Little River Drainage Dist.*, 239 U. S. 254, 265; *Wagner* v. *Baltimore*, 239 U. S.

207, 216; *Louisville & Nashville R. R. Co.* v. *Barber Asphalt Paving Co.*, 197 U. S. 430, 433–435.

MR. JUSTICE DAY delivered the opinion of the court.

The construction company brought suit to enforce the lien of twelve tax-bills issued on account of the cost of paving a portion of Broadway in the City of St. Louis. Withnell, plaintiff in error, is the owner of property assessed, fronting on Broadway, being five lots in City Block No. 2069, five lots in City Block No. 2608, and unplatted property in City Blocks Nos. 2620 and 2621. The validity of the tax-bills was affirmed by the Supreme Court of Missouri. 269 Missouri, 546. The case is here because of alleged violation of the Fourteenth Amendment to the Federal Constitution in assessing the lien of these tax-bills upon plaintiff in error's property. The assessment was levied in accordance with the charter of the City of St. Louis. An assessment for improving other portions of the street than are here involved, made under the terms of the St. Louis charter, was before this court in *Gast Realty Co.* v. *Schneider Granite Co.*, 240 U. S. 55. In that case the assessment was held invalid in part. After being remanded to the Supreme Court of Missouri, and a second judgment, the case was again before this court. 245 U. S. 288.

The method of making assessments under the charter of the City of St. Louis, as stated in *Gast Realty Co.* v. *Schneider Granite Co.*, *supra*, is as follows: One-fourth of the total cost is levied upon all the property fronting upon or adjoining the improvement according to frontage and three-fourths according to area ascertained as follows: "A line shall be drawn midway between the street to be improved and the next parallel or converging street on each side of the street to be improved, which line shall be the boundary of the district, except as hereinafter pro-

vided, namely: If the property adjoining the street to be
improved is divided into lots, the district line shall be so
drawn as to include the entire depth of all lots fronting on
the street to be improved. . . . If there is no parallel
or converging street on either side of the street improved,
the district lines shall be drawn three hundred feet from
that parallel to the street to be improved; but if there be a
parallel or converging street on one side of the street to
be improved to fix and locate the district line, then the
district line on the other side shall be drawn parallel to
the street to be improved and at the average distance of
the opposite district line so fixed and located."

In the *Gast Realty Co. Case* the area assessment was held
invalid because it assessed a large and disproportionate
part of the plaintiff in error's property. The memorandum
appended to the opinion shows that the foot-front assess-
ment was not disturbed. And see the subsequent con-
sideration of the matter in *Schneider Granite Co.* v. *Gast
Realty Co.*, 245 U. S. 288.

In support of the constitutional objection it is con-
tended that the plaintiff in error was not allowed to be
heard as to the validity and apportionment of the assess-
ment, and was therefore denied due process of law. The
charter provision for notice and hearing is inserted in the
margin.[1] But whether a property-owner is entitled to be

---

[1] "No ordinance for the construction or reconstruction of any street,
avenue, boulevard, alley or public highway of the city, shall be passed
unless recommended by the board of public improvements, as herein-
after provided. The board shall designate a day on which they will
hold a public meeting to consider the improvement of any designated
streets, avenues, boulevards, alleys or public highways by grading or
regrading, by constructing, or reconstructing, by paving or repaving
the roadway, including cross-walks and intersections, and shall give
two weeks' public notice, in the papers doing the city printing, of the
time, place and matter to be considered, stating in such notice the
kind of material and manner of construction proposed to be used for
the wearing surface of such improvement, naming more than one kind

heard in advance upon the questions of benefit and apportionment depends upon the authority under which the assessment is made. When the assessment is made in accordance with a fixed rule adopted by a legislative act, a property-owner is not entitled to be heard in advance on the question of the amount and extent of the assessment and the benefits conferred. *French* v. *Barber Asphalt Paving Co.,* 181 U. S. 324; *Embree* v. *Kansas City Road District,* 240 U. S. 242; *Wagner* v. *Baltimore,* 239 U. S. 207, 217, 218, and cases cited. We are of opinion that the assessment made in accordance with the rule of the St. Louis charter was legislative in character and required no previous notice or preliminary hearing as to the nature and extent of benefits in order to maintain its constitutional validity. The charter of the City of St. Louis was adopted by a vote of the people under state constitutional authority. It was under consideration in *St. Louis* v. *Western Union Telegraph Co.,* 149 U. S. 465. This court said:

"As the legislative power of a State is vested in the legislature, generally that body has the supreme control,

of material or manner of construction, if the board deems it advisable so to do, and also the class of specification and plan for such work, which specification and plan shall be approved by said board, and filed in its office. If within fifteen days after such public meeting, the owners of the major part of the area of the land made taxable by this article for such improvement, shall file in the office of the board of public improvements their written remonstrance against the proposed improvement, or against the material or manner thereof, the board shall consider such remonstrance, and if said board shall, by a two-thirds vote, at a regular meeting, approve of the improvement, material or manner remonstrated against, they shall cause an ordinance for the same to be prepared and report the same with the reasons for their action and the remonstrance to the assembly. If such majority fail to remonstrate within fifteen days or shall petition the board for the improvement, said board may by a majority vote approve the same, and shall cause an ordinance to be prepared and reported to the assembly therefor."

and it delegates to municipal corporations such measure thereof as it deems best. The city of St. Louis occupies a unique position. It does not, like most cities, derive its powers by grant from the legislature, but it framed its own charter under express authority from the people of the State, given in the constitution. Sections 20 and 21 of Article 9 of the Constitution of 1875 of the State of Missouri authorized the election of thirteen freeholders to prepare a charter to be submitted to the qualified voters of the city, which, when ratified by them, was to 'become the organic law of the city.' . . . In pursuance of these provisions of the constitution a charter was prepared and adopted, and is, therefore, the 'organic law' of the city of St. Louis, and the powers granted by it, so far as they are in harmony with the constitution and laws of the State, and have not been set aside by any act of the general assembly, are the powers vested in the city. And this charter is an organic act so defined in the constitution, and is to be construed as organic acts are construed. The city is in a very just sense an '*imperium in imperio.*' Its powers are self-appointed, and the reserved control existing in the general assembly does not take away this peculiar feature of the charter."

The same view has been repeatedly declared by the Supreme Court of Missouri. In *Meier* v. *St. Louis*, 180 Missouri, 391, 409, that court declared, citing its previous decisions, that the charter of St. Louis, adopted under the constitution, had as respects local assessments all the force of legislative acts.

We reach the conclusion that the attack upon the validity of the assessment for want of advance notice of hearing as to benefits must fail.

Regarding the front-foot method of assessment as being unassailable under the previous decisions of this court (240 U. S., 245 U. S., *supra*), we come to consider the area assessment. Objections based on the manner of laying

out the district, and whether it conforms to the plan out-
lined in the city charter, are conclusively disposed of by
the decisions of the state court. We have to deal only
with the questions raised as to the alleged denial of the
protection afforded by the Fourteenth Amendment. An
examination of the plat made part of the record, and re-
produced in the briefs of counsel, shows that owing to
the curvatures in Broadway and the relation thereto of
converging and parallel streets, the assessing district laid
out in accordance with the charter is of irregular outline.
The lots assessed are by no means uniform in size, nor is
their relation to the improvement uniformly alike. Some
blocks, including some of the plaintiff in error's, are not
subdivided into lots, and are irregular in shape. But we
are not prepared to hold that the assessment district was
so laid out with reference to plaintiff in error's property
as requires this court to declare the application of the
area rule a denial of due process of law, or of the equal
protection of the laws. That the assessment, owing to
the difficulties of the situation, made inequalities in-
evitable, is apparent. The Supreme Court of the State
finds, and we are not prepared to disturb its conclusion,
that the property east and west of Broadway, in the sub-
division of the same for the purposes of assessment, was
treated with fairness and with as much equality as the
situation permitted. The attack upon constitutional
grounds because of the system which the charter au-
thorized in making the assessment can only succeed if it
has produced results as to plaintiff in error's property
palpably arbitrary or grossly unequal. This system has
been sustained in many decisions in the Supreme Court
of Missouri, and has long been enforced in practice in that
State. Its application in the instance passed upon in
*Gast Realty Co. v. Schneider Granite Co.*, 240 U. S., *supra*,
was found to work so arbitrarily as to require an avoidance
of the area assessment upon constitutional grounds. The

frontage rule of assessment, now generally in use, has been frequently sustained by the decisions of this court. It may and does in some instances work inequalities in benefits conferred upon property assessed. In the present case a calculation found in the brief of the defendant in error, the correctness of which does not seem to be challenged, shows that if the property had been assessed by the front-foot rule, that of the plaintiff in error would have had a larger assessment than the one which resulted from the method employed.

The Supreme Court of Missouri found that no evidence was offered to sustain the allegations of the cross-bill that the tax-bills were confiscatory or disproportionate to the benefits received in that the city escaped paying its just proportion of the cost of the improvement because of its ownership of property within the district.

We are not prepared to say that the plaintiff in error, because of arbitrary legislative action or the abuse of power, was denied due process of law or the equal protection of the laws in this assessment.

*Affirmed.*