# HANCOCK ET AL. *v.* CITY OF MUSKOGEE, OKLA-HOMA, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 360. Submitted April 30, 1919.—Decided June 9, 1919.

Due process of law does not require that the owners of property to be assessed for a local sewer improvement shall be notified in advance of the formation and bounds of the improvement district, when this is established by the legislature directly or by a municipality to which full legislative power over the subject has been delegated by the State. P. 455.

The case is different when the district is established by a board or other inferior tribunal exercising only administrative or *quasi*-judicial authority. P. 458.

When the legislature itself prescribes that the cost of such an improvement shall be apportioned against the lots in the district in proportion to area, there is no occasion for a hearing with respect to the mode in which the assessment shall be apportioned. *Id.*

How much of such cost shall be specially taxed to the property benefited, and whether the distribution shall be according to benefits to particular lots or according to frontage, values or area, are matters of legislative discretion, subject to judicial relief in cases of abuse or error in execution. P. 459.

168 Pac. Rep. 445, affirmed.

THE case is stated in the opinion.

*Mr. Benjamin B. Blakeney, Mr. J. Harvey Maxey, Mr. Grant Foreman* and *Mr. James D. Simms* for plaintiffs in error.

*Mr. Nathan A. Gibson* and *Mr. Joseph L. Hull* for defendants in error. *Mr. Thomas L. Gibson* was on the brief.

MR. JUSTICE PITNEY delivered the opinion of the court.

Plaintiffs in error, owners of real estate in the City of Muskogee, brought suit in an Oklahoma state court seeking an injunction to restrain the city and its officials from encumbering their lands with a special assessment to pay for the construction of a sewer in Sewer District No. 12 of that city; contending that the statutes of the State and the ordinances of the city under which the district was created and the cost of the sewers therein assessed against the property within the district were in violation of the Fourteenth Amendment, in that they deprived plaintiffs of their property without due process of law. The trial court refused relief, the Supreme Court of Oklahoma affirmed its judgment (168 Pac. Rep. 445), and the case comes here by writ of error.

The statutes, as they existed at the time the proceedings in question were had, are to be found in Snyder's Comp. Laws Okla. 1909, §§ 984–993. They authorize the mayor and councilmen in any municipal corporation having a population of not less than 1,000 to establish a general sewer system composed of public, district, and private sewers, and also to cause district sewers to be constructed within districts having limits prescribed by ordinance; the cost of district sewers to be apportioned against all lots and pieces of ground in the district in proportion to area, disregarding improvements and excluding the public highways.

It is contended that the statute is void because it gives no notice to property owners and makes no provision for hearing them as to the formation of the district or its boundaries, the proposed plan or method of building the sewer, or the amount to be assessed upon property in the district. While it is conceded to have been established by previous decisions of this court that, where the legislature

fixes by law the area of a sewer district or the property which is to be assessed, no advance notice to the property owner of such legislative action is necessary in order to constitute due process of law, it is insisted that in the present case the legislature has not done this, and hence it is essential to the protection of the fundamental rights of the property owner that at some stage of the proceeding he have notice and an opportunity to be heard upon the question whether his property is erroneously included in the sewer district because it cannot be benefited by the sewer, or for any other reason is improperly subjected to assessment.

But we find it to be settled by decisions of the Supreme Court of Oklahoma, which as to this are conclusive upon us, that in respect to the establishment and construction of local sewer systems and the exercise of the power of taxation in aid of this purpose, the entire legislative power of the State has been delegated to the municipalities. In *City of Perry* v. *Davis*, 18 Oklahoma, 427, referring to this same legislation the court held (p. 445): "When the legislature delegated the power to the mayor and councilmen of municipal corporations in this territory, having a *bona fide* population of not less than one thousand (1,000) persons, to establish a general sewer system, that delegation of power carried with it all the incidental powers necessary to carry its object into effect within the law. Of what utility would such a grant of power be if unaccompanied with sufficient power to carry it into effect? Under our system the power of taxation is vested exclusively in the legislative branch of the government but it is a power that may be delegated by the legislature to municipal corporations which are mere instrumentalities of the state for the better administration of public affairs. When such a corporation is created it becomes vested with the power of taxation to sustain itself with all necessary public improvements, unless the exercise of that

power be expressly prohibited. That the mayor and council of the city of Perry was authorized to establish and construct a necessary sewer system for the city, in the absence of prohibitive statutes, should not be questioned. The power to establish and construct a sewer system carried with it the power to create indebtedness and taxation for its payment." The court further held that the act constituted due process, and that the passage and publication of an ordinance establishing a sewer district constituted sufficient notice and conferred jurisdiction upon the city authorities to perform the work and provide payment therefor. This was followed in *City of Muskogee* v. *Rambo,* 40 Oklahoma, 672, 680, and also in the present case.

So far, therefore, as the present ordinance determined that a district sewer should be constructed, and established the bounds of the district for the purpose of determining what property should be subjected to the special cost of constructing it, there was an authorized exercise of the legislative power of the State, which, according to repeated decisions of this court, was not wanting in due process of law because of the mere fact that there was no previous notice to the property owners or opportunity to be heard. The question of distributing or apportioning the burden of the cost among the particular property owners is another matter. *Spencer* v. *Merchant,* 125 U. S. 345, 355-357; *Paulsen* v. *Portland,* 149 U. S. 30, 40; *French* v. *Barber Asphalt Paving Co.,* 181 U. S. 324, 343; *Shumate* v. *Heman,* 181 U. S. 402, affirming *Heman* v. *Allen,* 156 Missouri, 534; *Wagner* v. *Baltimore,* 239 U. S. 207, 218; *Withnell* v. *Ruecking Construction Co.,* 249 U. S. 63.

We do not mean to say that if in fact it were made to appear that there was an arbitrary and unwarranted exercise of the legislative power, or some denial of the equal protection of the laws in the method of exercising it,

judicial relief would not be accorded to parties aggrieved. The facts of this case raise no such question. See *Wagner* v. *Baltimore*, 239 U. S. 207, 220; *Houck* v. *Little River Drainage District*, 239 U. S. 254, 265; *Myles Salt Co.* v. *Iberia Drainage District*, 239 U. S. 478, 485; *Gast Realty Co.* v. *Schneider Granite Co.*, 240 U. S. 55, 59.

The chief reliance of plaintiffs in error is upon those decisions which have held that where the legislature, instead of determining for itself what lands shall be included in a district or what lands will be benefited by the construction of a sewer, submits the question to some board or other inferior tribunal with administrative or *quasi-*judicial authority, the inquiry becomes in its nature judicial in such a sense that property owners are entitled to a hearing or an opportunity to be heard before their lands are included. *Fallbrook Irrigation District* v. *Bradley*, 164 U. S. 112, 166-167, 174–175; *Parsons* v. *District of Columbia*, 170 U. S. 45, 52; *Embree* v. *Kansas City Road District*, 240 U. S. 242, 247. But they have no application to a case where, as in the case before us, full legislative power over the subject-matter has been conferred by the State upon a municipal corporation. Where that has been done, a legislative determination by the local legislative body is of the same effect as though made by the general legislature. *Withnell* v. *Ruecking Construction Co.*, 249 U. S. 63, 70.

It is suggested further that the statutes and ordinances in question were wanting in due process, in that they afforded the property owner no opportunity to be heard as to the distribution of the cost of the sewer among the different properties in the district or the ascertainment of the amount of the assessment to be imposed upon the lands of plaintiffs in error. Respecting this, it is sufficient to say that as the legislature itself has prescribed that the entire cost of a district sewer shall be apportioned against the lots in the district in proportion to area (excluding

the highways), there is no occasion for a hearing with respect to the mode in which the assessment shall be apportioned, since this is resolved into a mere mathematical calculation. And it is settled by the cases above cited that whether the entire amount or a part only of the cost of a local improvement shall be imposed as a special tax upon the property benefited, and whether the tax shall be distributed upon a consideration of the particular benefit to particular lots or apportioned according to their frontage upon the streets, their values, or their area, is a matter of legislative discretion, subject, of course, to judicial relief in cases of actual abuse of power or of substantial error in executing it, neither of which is here asserted.

*Judgment affirmed.*