STINSON et al. v. GRAHAM et al.   (No. 209.)*

(Court of Civil Appeals of Texas. Eastland. May 28, 1926. Rehearing Denied June 25, 1926.)

1. Schools and school districts ⬅️47—Petition for review of action of county board of school trustees, grouping common school districts, does not lie until after appeal to state superintendent of public instruction unless question of constitutionality is raised (Acts 39th Leg. [1925] c. 59 [Vernon's Ann. Civ. St. 1925, arts. 2922a–2922*l*]).

Petition for review of action of county board of school trustees, grouping common school districts pursuant to Acts 39th Leg. (1925) c. 59 (Vernon's Ann. Civ. St. 1925, arts. 2922a–2922*l*), does not lie until after appeal to state superintendent of public instruction, except where constitutionality of act is questioned.

2. Schools and school districts ⬅️46.

Acts 39th Leg. (1925) c. 59 (Vernon's Ann. Civ. St. 1925, arts. 2922a–2922*l*) granting county board of control power and control over school districts, *held* in accord with Texas Constitution.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused November 3, 1926.

**3. Action ⬡⟹6.**

Courts do not sit to determine speculative or abstract questions of law, but are confined to real controversies wherein legal rights of parties are involved.

**4. Constitutional law ⬡⟹63(3).**

Legislature might delegate control over common school districts and creation of rural high school district to county board of trustees as was done by Vernon's Ann. Civ. St. 1925, arts. 2676–2686, 2742, 2743.

**5. Courts ⬡⟹366(1).**

Decision of state court in construing its Constitution, where no federal question is involved, is binding on courts of United States.

**6. Constitutional law ⬡⟹278(2).**

Acts 39th Leg. Tex. (1925) c. 59 (Vernon's Ann. Civ. St. 1925, arts. 2922a–2922l), granting county board of school trustees power and control over school districts and issuance of bonds thereby *held* not to offend due process clause of Const. U. S. Amend. 14.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by W. A. Graham and others, Trustees of Common School District No. 22, against James P. Stinson and others, members of the County Board of School Trustees of Taylor County. Judgment granting an injunction, and defendants appeal. Reversed, and injunction dissolved.

Stinson, Coombes & Brooks, of Abilene, for appellants.

Cox & Hayden, of Abilene, for appellees.

PANNILL, C. J. Pursuant to the Act of the 39th Legislature, c. 59, p. 204 (Vernon's Annotated Texas Statutes 1925, arts. 2922a to 2922l, inclusive), the county board of school trustees of Taylor county, grouped common school districts Nos. 18, 19, and 22 for the formation of a rural high school district. Later a petition praying that its action be rescinded was presented to said board, and after an extended hearing, denied. This suit was then brought by the trustees of said common school district No. 22 to restrain the county board from carrying said order into effect. No appeal was prosecuted to the state superintendent. The petition alleged invalidity in the order assailed for numerous reasons, but only two, which assert that the act of the Legislature referred to is unconstitutional, can be considered.

[1] The trial judge granted a temporary writ of injunction, which upon final hearing was made permanent, on the ground that the legislative act in question was repugnant to the "due process" clause of the Fourteenth Amendment of the federal Constitution. As to the other matters alleged, the trial court correctly held that the petition for review did not lie until after appeal to the state superintendent of public instruction. Jennings v. Carson (Tex. Com. App.) 220 S. W. 1090; Bevers et al. v. Winfrey et al. (Tex. Civ. App.) 260 S. W. 627; South San Antonio Ind. School Dist. v. Martine (Tex. Civ. App.) 275 S. W. 265.

Appeals to the state superintendent from orders of the county board creating, changing, and modifying school districts having been provided for, equity will not interfere until legal remedies are exhausted. So, the sole question presented is: Does the law challenged offend either the Constitution of Texas or of the United States? If it does, the judgment is correct, if not, the temporary injunction was improvidently granted, and perpetuated in error.

[2] That said chapter 59, Acts of 39th Legislature, is in accord with the Constitution of Texas was affirmed by the Court of Civil Appeals for the Fifth District in a clear and concise opinion by Judge Looney. McPhail v. Tax Collector, 280 S. W. 260. This decision was approved by Supreme Court, by the refusal of a writ of error.

But appellees assert, with great vigor, that the law is repugnant to the Fourteenth Amendment of the Constitution of the United States, and that this case is ruled by the decision in Browning v. Hooper, 46 S. Ct. 141, 70 L. Ed. 330, commonly known as the Archer County Case. When it is considered that the order under review is simply one creating a high school district by grouping three common school districts, where no election to provide for the issuance of bonds has been called and no special tax has been levied, it is difficult to perceive any analogy between this case and the Archer County Case. It is only where special tax levied to provide a local improvement is challenged that the "due process" clause becomes applicable. To invoke the applicability of the Archer County Case, it would be necessary to presume that an election would be ordered, resulting favorably to an issuance of bonds. Such prophetic power is not conferred on a Court of Civil Appeals.

It would certainly not be contended that a road district created by the commissioners' court, with power to use the labor of those liable to work the road and to expend the funds raised by general taxation, would be obnoxious to said Fourteenth Amendment because of failure to provide for notice to and hearing of each individual taxpayer. It is not believed that the question of "due process" arises from consideration of the order of the board of trustees creating the objectionable rural high school district.

[3] This determination should dispose of the case, as courts do not sit for the purpose of determining speculative or abstract questions of law, but are confined in their judicial action to real controversies wherein the

legal rights of the parties are necessarily involved. Thomas v. Musical Mut. Pro. Ass'n, 121 N. Y. 45, 24 N. E. 24, 8 L. R. A. 175. However, inasmuch as the question may recur in a later proceeding, it may not be inappropriate to state the view entertained as to the effect of Browning v. Hooper, supra, on the power of the county board of trustees.

It is plainly declared in that case that where the local improvement territory is selected and the burden is spread by the Legislature or a municipality to which the Legislature has granted full legislative powers over the subject, the owners of property have no constitutional right to be heard on the question of benefits. Hancock v. Muskogee, 250 U. S. 454, 39 S. Ct. 528, 63 L. Ed. 1081; Embree v. Kansas City Road Dist., 240 U. S. 242, 36 S. Ct. 317, 60 L. Ed. 629, are cited. The decision further clearly shows that the road district had no legal existence except for the purpose of issuing bonds, and that the territory was arbitrarily selected by the petitioners, with no officer or tribunal empowered to hear the property owners and determine whether the contemplated improvements would benefit their property.

[4-6] The county board of trustees is created by law as a body corporate with full power and control over common school districts, their creation and boundaries (Vernon's Annotated Texas Statutes, arts. 2676 to 2686, inclusive, and articles 2742, 2743), and plenary power as to the creation of rural high school districts. It has been uniformly held that the Legislature may delegate its authority to such agencies. Webb v. Board School Trustees, 95 Tex. 131, 65 S. W. 878; Robbins v. Limestone County, 114 Tex. 345, 268 S. W. 915; Hester & Roberts v. Donna In. District (Tex. Civ. App.) 239 S. W. 992. The decision of a state court construing its Constitution, where no federal question is involved, is binding on the courts of the United States. The conclusion is irresistible that the effect of the cases last cited above is to declare that the acts of the 39th Legislature, c. 59, together with the other articles noted, conferred upon the county board of trustees full legislative power with respect to creating rural high schools and the issuance of bonds by such districts, and that therefore the act in question does not offend the "due process" clause of the Fourteenth Amendment.

The contention of appellees, if sustained, would destroy every common school district in Texas, including the one represented by them. A decision fraught with such dire results should have an impregnable base, and be supported by irrefragable logic, both of which we think are wanting in this case.

It is very much to be doubted whether the building of a schoolhouse is a "local improvement" within the purview of the decisions, but, believing that the position announced above is sound, a discussion of that question is pretermitted.

The judgment of the trial court is reversed and the injunction dissolved.