

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

February 11, 1939

Honorable Morris Rolston
County Attorney
Titus County
Mt. Pleasant, Texas

Dear Mr. Rolston:

> Opinion No. O-199
> Re: Consolidation of one integral
> unit of rural high school dis-
> trict with another school dis-
> trict outside rural high school
> district unit

On February 10th the following wire was received from you:

> "Would appreciate a telegraphic reply western union collect
> to the following question. Where two contigious common
> school districts have been by the county board of trustees
> consolidated as rural high school district, then can one
> of such districts thereafter, without the consent of the
> county board, petition the county judge for an election
> as provided by Article 2806 to determine whether or not
> that one district can be consolidated with some other
> district for school purposes, and will county judge be
> required to call such election notwithstanding prior
> consolidation with other district for rural high school
> purposes?"

and on that date we answered you by the following wire:

> "Retel school consolidation election stop county school
> trustees group cannot consolidate contigious districts
> forming rural high school districts Article 2922a et seq
> stop grouped districts become corporate body composed of
> nuclear districts stop whole is one corporation and inte-
> gral unit cannot act independent of other integral units
> thereof stop county judge without authority call consoli-
> dation elections conditions stated."

In further answer to the inquiry made, we give you this letter and advise
that we are hesitant to wire an answer to request made by telegram due
to the fact that the cases are not always clear to us that you have in
mind.

You use the words  "notwithstanding prior consolidation with other district for rural high school purposes" is confusing in that Article 2806, Revised Statutes, and other Articles relating to consolidation, and Article 2922a et seq. are altogether different methods, and our answer to your wire was based upon the assumption that you are talking about the fact that one district was prior thereto grouped with another district by the county board of school trustees under Article 2922a, et seq., thereby forming a rural high school district with one board of trustees over the whole of the high school district thus formed, and on this basis, we give you this letter in order that we may make ourselves clearer.

Consolidation is first raised under the present school laws as we find them to be by virtue of Article 2681, and this law is held constitutional in the case of Stinson v. Graham, 286 S. W. 264, however, in the subsequent Article 2695, the question seems to be raised that the county superintendent has power to consolidate districts in certain instances, but a ruling by the Department of Education has held that such power is not given the county superintendent by virtue of this Article.  This then brings the matter down to the statute referred to in your wire, i, e. Article 2806, held as the then exclusive method of consolidation. Dover School v. County Trustees, 248, S. W. 1062,  This particular law, by its own terms, refers to consolidation of common school districts and consolidation of independent school districts.

The next step we will discuss is the grouping and annexing statute called Article 2922a, et seq. Under this chapter another method of organization of high school districts is given and broad powers are delegated to the board of county school trustees.  Their power of organization is limited in these instances to rural high school districts composing of seven or fewer in number of nuclear districts and to areas of 100 square miles or less without a vote of the people, but they may go further by election as is provided in the subsequent articles dealing with the same subject.

These rural high school districts are organized with one board of trustees over the entire district and the integral units thereof are a part of the larger corporate whole and, of course, must be subservient therein.  It is true that the integral part still exists, but the high school set up is one corporate body.

The Legislature evidently has in mind situations arising like that evidently existing in your county, and your attention is called to part of Article 2922f, which provides in part:

> ". . . and said district may be consolidated by the county board of school trustees with some other district or districts for elementary school purposes; provided that if there is more than one white or one colored school in such a elementary school district the board of trustees of the said rural high school districts or an independent district, as the case may be, may consolidate such white or colored schools of the elementary district; . . . "

Thus it can be seen by this and other articles of this chapter relating to schools that it was the intention of the Legislature to vest the provisions of the rural high school creation in county boards of school trustees, and if one elementary district of the whole could consolidate by election with some outside school, there would be an immediate conflict of the boards of trustees of the consolidated district with that of the rural high school district.

We, therefore, hold that an elementary district of a rural high school district cannot consolidate by election with a district outside the rural high school family theretofore formed and have a conflict in the governing bodies of the rural high school and the consolidated district, and your question is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ George S. Berry

By
George S. Berry
Assistant

GSB:N/ldw

APPROVED:
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS