SEWER IMPROVEMENT DIST. NO. 1, TULSA COUNTY, et al. v. FOSTER et al.

No. 34897.   April 10, 1951.

Rehearing Denied July 10, 1951.

Second Petition for Rehearing Denied Sept. 25, 1951.

*236 P. 2d 678.*

John B. Durfee, Tulsa, and Solon W. Smith and George J. Fagin, Oklahoma City, for plaintiffs in error.

John R. Woodard and Smith & Rogers, Tulsa, for defendants in error.

WELCH, J. Jack Foster, P. B. Shewmaker, F. F. Hall, Frank J. Schoolcraft, Laura Buchanan and Ted Wilkinson, owners of real estate located in an area annexed to Sewer Improvement District No. 1, Tulsa county, Oklahoma, under an order of the board of county commissioners of Tulsa county, brought this action against Sewer Improvement District No. 1, Tulsa county, Oklahoma, and the board of directors of said district, to quiet title to said lands against encumbrances resulting from assessments against their property to pay the bonded indebtedness or any indebtedness of said district.

Judgment was for plaintiffs under a determination that the statute under which the order of annexation was made is unconstitutional and void.

In appeal the defendants assert the validity of the statute and the proceedings thereunder.

Sewer Improvement District No. 1, Tulsa county, was organized under provisions of an Act of the Legislature of 1947, chapter 19, Title 19, S. L. 1947 (Amended Laws 1949, p. 180, §1 et seq., 19 O.S. Supp. 1949 §871 et seq.)

The Act provides that whenever 50 persons, residents of a given area, or a majority of the holders of title to lands in such area, in any county susceptible of being furnished sewer systems for domestic use by the same system, or by a combined system of sewer lines, desire to provide for a common sewerage system, they may propose the organization of a sewer improvement district by petition filed with the board of county commissioners signed by a majority of the holders of title to lands in the proposed district; that the petition shall set forth the name of the proposed district and boundaries thereof and other certain specified details of the proposal; that notice shall be published stating the time at which such petition will be considered by the board of county commissioners, and that all persons interested may appear and be heard. The Act provides (19 O. S. Supp. 1949 §872):

" . . . The Board of County Commissioners shall have exclusive jurisdiction to hear and determine all contests and objections to the creation of such district and all matters pertaining to the same, and at the time set for said hearing the same the Board may amend the plan for such improvement district by excluding from within its boundaries any lands which it may deem will not be benefited by the formation of such district, or by including other lands as a part of such district, upon the application of the owner filed at or prior to said hearing. At such hearing said board shall also determine whether or not the formation of such improvement district as originally presented or in a modified form will be conducive or beneficial to the public health and if said board determines that it will, then said board shall make an order establishing such sewer improvement district subject to the result of an election to be held therein. . . ."

Sewer Improvement District No. 1, and as composed after the annexation proceedings herein mentioned, has voted bonds for the purpose of construction of a sewerage system in said district.

The lands of the plaintiffs were by order of the board of county commissioners of Tulsa county annexed and brought into Sewer Improvement District No. 1 in proceedings under provision of statute enacted in 1949, 19 O. S. Supp. 1949 §872.1. The statute provides:

"Upon the filing of a petition for a change of boundary lines of any Sewer Improvement District, signed by a majority of the holders of title to lands of the area proposed to be annexed to an adjacent Sewer Improvement District, the Board of County Commissioners shall review such petition and determine whether or not the best interests of the holders of the title of the area affected would be served by such change, or would be conducive or beneficial to the public health of such area. The Board of County Commissioners shall have authority to annex such proposed territory to such sewer improvement district, subject to the result of an election to be held in the area proposed to be annexed and notice thereof shall be given by one publication in a newspaper of general circulation in the said area at least ten (10) days prior to such election. If a majority of the electors voting at such election vote for such annexation, the Board of County Commissioners shall order said annexation, and such territory for all purposes shall thereafter be a part of such sewer improvement district. The annexed territory shall assume its full proportion of all legal indebtedness outstanding against the original sewer improvement district, including bonded indebtedness."

Under the statute an annexed territory for all purposes becomes a part of the original sewer improvement district and assumes its full proportion of all liabilities of the district. It is apparent that in so far as the land annexed is concerned, the annexation proceedings constitute its original organization into a district and the annexation is in effect organization so far as concerns the rights of the plaintiffs, owners of lands in the annexed territory.

It is noted that in the statute providing for organization of a sewer improvement district, there is provision that notice shall be published stating a time when petition for organization will be considered by the board of county commissioners, and that all persons interested may appear and be heard, and that said board on such hearing is empowered to exclude any lands from the proposed district which it may deem will not be benefited by the formation of the district, while in the statute providing for annexation of territory, section 872.1, supra, there is no provision for notice to interested parties of a hearing on the petition for annexation, albeit the said board of county commissioners is empowered to determine whether or not the best interest of the title holders in the area affected would be served or the public health of such area benefited by the change and to annex the proposed territory subject to the results of an election thereon.

In this lack of notice in the annexation statute, it is apparent that the holders of title in the area of annexation who have not signed the petition are not afforded an opportunity to be heard on the question of whether or not their interests will be served or benefited by the sewer improvement, although their lands in annexation will be subjected to pro rata costs of construction and maintenance of the system. In such an effect there arises a question of whether the statute meets the requirements of constitutional guaranty that a person may not be deprived of his property without due process of law.

In Armstrong v. Sewer Improvement District No. 1, 201 Okla. 531, 199 P. 2d 1012, it is pointed out that such sewer improvement districts as are authorized by the statute are organized and created for the promotion of local benefits, and said the court:

" . . . They are in the same class in that respect as levees, drains, ditches and irrigation systems, which by Art. 16, Section 3 of the Constitution, the Legislature is authorized to provide . . ."

In Federal decision in Chesebro v. Los Angeles County Flood Control Dist., 306 U. S. 459, 59 S. Ct. 622, 83 L. Ed. 921, said the court:

"In the absence of flagrant abuse or purely arbitrary action, the State, con-

sistently with the Federal Constitution, may establish local districts to include real property that it finds will be specially benefited by drainage, flood control, or other improvements therein, and, to acquire, construct, maintain and operate the same, may impose special tax burdens upon the lands benefited. (Cases are here cited) And where, within the scope of its power, the Legislature itself has found that the lands included in the district will be specially benefited by the improvements, prior appropriate and adequate inquiry is presumed, and the finding is conclusive. (Cases are here cited) But where the district was not directly created by the Legislature and there has been no determination by it that their property will be benefited by the local improvements the owners are entitled, under the due process clause of the Fourteenth Amendment, to be heard by some officer or tribunal empowered by the State to hear them and to consider and decide whether their lands will be specially benefited. Fallbrook Irrig. Dist. v. Bradley, 164 U. S. 112, 167, 41 L. Ed. 369, 391, 17 S. Ct. 56; Embree v. Kansas City & L. B. Road Dist., 240 U. S. 242, 247, 60 L. Ed 624, 627, 36 S. Ct. 317; Browning v. Hooper, 269 U. S. 396, 405, 406, 70 L. Ed. 330, 334, 335, 46 S. Ct. 141."

In the last cited case, the Hooper case, it is said:

"Where a local improvement territory is selected, and the burden is spread by the Legislature, or by a municipality to which the state has granted full legislative powers over the subject, the owners of property in the district have no constitutional right to be heard on the question of benefits. Valley Farms Co. v. Westchester, supra; Hancock v. Muskogee, 250 U. S. 454, 459, 63 L. Ed. 1081, 1084, 39 S. Ct. Rep. 528; Withnell v. Ruecking Constr. Co., 249 U. S. 63, 69, 63 L. Ed. 479, 483, 39 S. Ct. Rep. 200; Wight v. Avoyelles (C.C.A. 5th) 264 Fed. 705. But it is essential to due process of law that

such owners be given notice and opportunity to be heard on that question where, as here, the district was not created by the Legislature, and there has been no legislative determination that their property will be benefited by the local improvement. Appellants were denied all opportunity to be heard. No officer or tribunal was empowered by the law of the state to hear them, or to consider and determine whether the road improvements in question would benefit their lands. The act is repugnant to the due process clause of the Fourteenth Amendment. Embree v. Kansas City Road District, supra, 240 U. S. 251, 60 L. Ed. 624, 36 S. Ct. 317."

Herein the sewer district involved is not one created by the Legislature and there was no determination by the Legislature that the property in the district will be benefited by the construction of a sewerage system therein. In annexation of territory under provisions of 19 O. S. Supp. 1949 §872.1, the lands included are subjected to a pro rata part of the burden of the expense incident to the construction and operation of the system. To the extent of the burden thus imposed the nonconsenting landowner is deprived of his property. Due process of law contemplates that such owner be given notice and opportunity to be heard on the question of whether the construction would benefit his land. This the statute does not provide. As affecting these plaintiffs, owners of land included in the order of annexation and nonsigners of the petition for annexation, the annexation statute is repugnant to the due process clauses of the Federal and State Constitutions and the order of annexation made under authority of the statute is void.

The judgment is affirmed.

ARNOLD, C. J., and CORN, GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.