**A. L. TRAMEL et ux., Appellants,**

v.

**CITY OF DALLAS, Appellee.**

**No. 7992.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 3, 1977.

Rehearing Denied Nov. 23, 1977.

John F. Jordan, Carl M. Weisbrod, Dallas, for appellants.

Linda R. Lawson, Dallas, for appellee.

CLAYTON, Justice.

The City of Dallas filed suit against A. L. Tramel and wife, seeking the recovery of certain paving costs and foreclosure of a paving lien upon property of the defendants. Thereafter, pleas of intervention were filed by certain owners of property similarly situated as defendants, joining defendants in seeking a judgment declaring the paving assessments against their respective property to be null and void, on the grounds that the "statutory scheme" under which the paving assessments were made denies them equal protection of the law and violates the due process clause of the 14th Amendment to the United States Constitution. This cause was tried before the court, and judgment was entered for the plaintiff City, and denying the relief sought by defendants and intervenors from which they appeal.

Appellants are owners of property abutting upon either Lake June Road or Elam Road in the City of Dallas, which properties were assessed under an improvement plan for the widening and improvement of such streets, jointly undertaken by the City of Dallas and the County of Dallas. Under this plan, the City assumed responsibility for improving Lake June Road from 370 feet west of Buckner Boulevard to Prairie Creek Road with the County improving the street from Prairie Creek Road eastward to L. B. J. Freeway; and the City assumed responsibility for improving Elam Road from Pemberton Hill Road to St. Augustine Road, and the County improving such street from St. Augustine Road eastward to Hickory Tree Road. The portions of the street improved by the City were situated wholly within the City of Dallas. The portions improved by the County were partly within and partly without the city limits of the City of Dallas.

Appellants were assessed approximately one-half the cost of paving and widening

along their abutting property of those streets which are being converted into main thoroughfares by the City and Dallas County. Other property along the same streets was not assessed because it abutted portions of the streets being improved by the County.

Appellants concede that the decision to assess owners of property abutting city-improved portions of the project was made by the City Council in accordance with *Tex. Rev.Civ.Stat.Ann. art. 1105b* (Supp.1977) *' with the exception of prior notice or hearing, such exception to be discussed in connection with appellants' second point.

Appellants' first point urges that "the statutory scheme under which appellants' property was assessed violates the equal protection clause of the 14th Amendment to the United States Constitution."

Appellants concede that under the statute it is discretionary with municipalities whether to undertake street widening projects; and if they do, whether to assess abutting property. While counties have not been granted the assessment power, they can and do, as in this case, undertake street projects inside city limits. Often, as in this case, a city and county will cooperate in improving particular streets. Property abutting city-improved portions is assessed; property abutting county-improved portions is not.

Under *Section 3* the City has the legislative authority to determine the propriety and advisability of undertaking street improvement projects. It is within its discretion to determine whether a street should be improved or not; and if so, the same discretion should apply as to the advisability of improving a portion of a street or the entire street regardless of its length. If it determines to improve only a portion thereof, it would be exercising those acts in the exercise of powers entrusted entirely to its discretion.

The parties stipulated and agreed prior to the hearing in the trial court that "Public

hearings were held by the City of Dallas on January 5, 1970, regarding the paving of Elam Road, and on August 21, 1972, concerning the paving of Lake June Road. Said hearings were held pursuant to and in accordance with *Article 1105b*. No other hearing was afforded the abutting property owners in connection with said paving assessment."

Appellants make no complaint against the proceedings had under the statute leading up to the assessments or to the amount of the assessment.

The only complaint made is that the City has made improvements for which assessments were made against the abutting property owners along the street where improvements were made by the City, and no assessment was made as to those abutting owners along the street where the improvements were made by the County. Appellants concede that the County, having the power and authority to make such improvements, does not have the power to make assessments.

Basically, it is the contention of the appellants that the legal act of making the improvements by the City and making assessments therefor, combined with the legal act of the County in making improvements with no assessments, constitutes a "statutory scheme" under which paving charges were assessed which denies them "equal protection" of the law and violates the due process clause of the 14th Amendment of the United States Constitution.

 It is not mandatory that the City, when making a determination to improve a street within its limits, that it shall improve the entire street from beginning to end. *Section 1* provides that the cities "shall have the power to cause to be improved, any highway, within their limits . . ." The statute further provides "that whenever the term 'highway' is used herein it shall include any street . . . , or any portion or portions thereof . . . ." Under this statutory provision, the City had the power

---

* All subsequent statutory references are to sections of said article relating to street improvements and assessments in cities having more than 1,000 inhabitants.

to determine that improvements would be made upon the entire street or a portion thereof. It is to be noted that appellants, even though they alleged in their pleadings that *Article 1105b* was unconstitutional, they did not take that position in the points presented and discussed in their brief. Their only complaint was as to the "scheme" of the assessments.

There can be no question as to the constitutional right to make the assessments against the appellants as was done in this case. It is stated in *Gast Realty & I. Co. v. Schneider Granite Co.*, 240 U.S. 55, 58, 36 S.Ct. 254, 255, 60 L.Ed. 523 (1916):

"The legislature may create taxing districts to meet the expenses of local improvements, and may fix the basis of taxation without encountering the 14th Amendment unless its action is palpably arbitrary or a plain abuse. [Citing] *Houck v. Little River Drainage Dist.*, 239 U.S. 254, 36 S.Ct. 58, 60 L.Ed. 266."

In *Hancock v. Muskogee*, 250 U.S. 454, 459, 39 S.Ct. 528, 63 L.Ed. 1081 (1919), the United States Supreme Court holds:

". . . it is settled . . . that whether the entire amount or a part only of the cost of a local improvement shall be imposed as a special tax upon the property benefited, and whether the tax shall be distributed upon a consideration of the particular benefit to particular lots, or apportioned according to their frontage upon the streets, their values, or their area, is a matter of legislative discretion, subject, of course, to judicial relief in case of actual abuse of power or of substantial error in executing it, neither of which is here asserted."

We also point out that appellants have not been injured, or suffered any harm whatsoever, by the County of Dallas' failure to assess. Paving assessments are limited by the amount of benefit conferred; so, therefore, even if the County of Dallas did assess its abutting property owners, the appellants' assessment would be the same. Appellants have raised no complaint about the benefits conferred upon their property.

Appellants have not shown any abuse of power, or any substantial error in executing it, and have not shown that the action of the City was palpably arbitrary in any particular. We therefore hold that the statutory method of assessment complained of is not invalid as being in contravention of the equal protection clause of the 14th Amendment of the United States Constitution.

■ Appellants' second point, in essence, is that the due process clause of the 14th Amendment of the United States Constitution requires a hearing for the appellants prior to the decision of the City to pay for the street improvements by private assessment. They concede that it is wholly discretionary with the City Council whether to pay for a street improvement entirely out of general funds or partially out of assessments of abutting property owners. They object to the fact that the City Council adopted assessment resolutions affecting their property without affording them prior notice or hearing. In this argument, appellants discuss at length matters relating to benefits to the property and to themselves and also a very lengthy discussion on the subject of hardships involved in paying the assessments.

The ordinance levying the assessments refers to a resolution ordering the improvements which determined the necessity of making an assessment for a portion of the cost of improvements and "fixing a time and providing for a hearing to such property owners, . . . at which hearing said owners were to be heard as to the benefits of the said improvements to their property, as to any error or invalidity in said proceedings, or to any matter or thing connected with the said improvements," and "at said hearing, all desiring to contest the said assessments, correct the same, or in any manner be heard concerning the benefits thereof, or in any related matter, were heard, and errors and all matters of error or mistake or inequalities or other matters requiring rectification which were called to the attention of the Council were rectified and corrected." Dallas, Texas, Ordinance 12836, December 8, 1969.

In *Londoner v. Denver*, 210 U.S. 373, 385, 28 S.Ct. 708, 714, 52 L.Ed. 1103 (1908), the United States Supreme Court states:

"In the assessment, apportionment, and collection of taxes upon property within their jurisdiction, the Constitution of the United States imposes few restrictions upon the States. . . . But where the legislature of a state, instead of fixing the tax itself, commits to some subordinate body the duty of determining whether, in what amount, and upon whom it shall be levied, and of making its assessment and apportionment, due process of law requires that, at some stage of the proceedings, before the tax becomes irrevocably fixed, the taxpayer shall have an opportunity to be heard . . . ."

The assessments were made under the authority of *Article 1105b § 3 (1963)* thereof which provides:

"That the governing body of any city shall have power to determine the necessity for, and to order, the improvement of any highway, . . . or parts thereof within such city, . . . and to provide for the payment of the cost of such improvements by the city, and partly by assessments as hereinafter provided."

*Section 9 (Supp.1977)* provides:

"No assessment herein provided for shall be made against any abutting property or its owners . . . until after notice and opportunity for hearing as herein provided, and no assessment shall be made against any abutting property or owners thereof in excess of the special benefits of such property. . . ."

 Under the guidelines as stated in *Londoner*, supra, the required hearing, to meet the constitutional requirements of due process, must be given before the assessments become irrevocably fixed. In the case before us, appellants were afforded a hearing on the question of benefits, and to any matter or thing connected with said improvements, and had the right under *Section 9* to contest the amounts of the *proposed* assessments, the special benefits to the abutting property and owners thereof by means of the improvements for which assessments are to be levied, the accuracy, sufficiency, regularity, and validity of the proceedings and contract in connection with such improvements and proposed assessments. If appellants were dissatisfied with the action of the City in regard to those matters to which they were entitled to be heard, they had the right to appeal therefrom and would be entitled to a judicial review. *City of Houston v. Blackbird*, 394 S.W.2d 159 (Tex.1965). We think it significant that appellants did not complain in any manner as to the hearing afforded them under the statute. They did not appeal therefrom as they had the right to do.

As we view the complaints urged by appellants, the matters relating to the City's right to determine the necessity, advisability, or propriety in making the street improvements and to determine that the portion of the cost should be borne by the abutting property owners are matters solely with the discretion of the City.

Appellants were afforded a *proper and* adequate hearing prior to the time the assessment actually became irrevocably fixed. Under these circumstances, we hold that the hearing afforded appellants was sufficient and the appellants were not deprived of due process of law under the United States Constitution by not being given a hearing on the discretionary power to determine the necessity for street improvements and the decision to provide that payment of the costs thereof be made entirely by the City or partly by the abutting property owners.

The judgment of the trial court is AFFIRMED.