SCHNEIDER GRANITE COMPANY *v.* GAST REALTY & INVESTMENT COMPANY ET AL.

GAST REALTY & INVESTMENT COMPANY ET AL. *v.* SCHNEIDER GRANITE COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

Nos. 461, 473. Argued October 11, 12, 1917.—Decided December 10, 1917.

A street improvement tax having been laid upon abutting property under a city ordinance, partly according to frontage and partly according to area, and the state court having sustained it *in toto*, this court reversed its judgment upon the sole ground that the assessment based on area had produced results in conflict with the Fourteenth Amendment, and sent the case back for further proceedings not inconsistent' with the opinion. Upon a second review, *held*, that the questions whether the part of the tax based on frontage was severable, though the other part was void, and whether, and by what agency, a new and just area assessment should be made, were questions of state law, untouched by this court's decision and mandate, and left for determination by the state court. *Gast Realty Co. v. Schneider Granite Co.*, 240 U. S. 55, explained.

269 Missouri, 561, affirmed.

THE case is stated in the opinion.

*Mr. Hickman P. Rodgers* and *Mr. William K. Koerner* for Schneider Granite Company.

*Mr. Thomas G. Rutledge* and *Mr. David Goldsmith*, with whom *Mr. Robert A. Holland, Jr.*, and *Mr. J. M. Lashly* were on the brief, for Gast Realty & Investment Company *et al.*

MR. JUSTICE PITNEY delivered the opinion of the court.

These are cross writs of error, bringing under review a judgment rendered by the Supreme Court of Missouri

after the reversal by this court of a previous judgment in the same action.

The action was brought to collect a tax bill for paving one of the streets in St. Louis, levied upon land fronting upon the street, under an ordinance that imposed one-fourth of the cost of the improvement upon all the abutting property according to its frontage, and three-fourths according to area upon all the property in an improvement district whose boundaries were to be fixed in a manner specified in the ordinance, the effect of which, as applied to the property in question, was to extend the area assessment upon defendants' land to a depth of between 400 and 500 feet, while other lands similarly benefited by the improvement were subjected to the area assessment to a much less depth. A judgment of the Supreme Court, which had affirmed a judgment of the Circuit Court of the City of St. Louis sustaining the tax (259 Missouri, 153), was reversed, and the cause remanded for further proceedings not inconsistent with the opinion of this court. 240 U. S. 55.

Upon the going down of the mandate, the case was transferred to the Supreme Court *in banc*, whereupon the plaintiff prayed that the cause be remanded to the Circuit Court (the trial court) with directions, first, to render judgment for the amount of the frontage assessment in the original tax bill, with interest, and second, to charge against the land a proper area assessment, in some mode to be prescribed by the Supreme Court in its mandate; it being plaintiff's contention that the decision of this court did not condemn the entire area assessment, but only so much of it as was in excess of benefits received. On the other hand, the landowners moved for a reversal of the judgment of the Circuit Court *in toto*, with directions for the entry of a general judgment in their favor. The Supreme Court, interpreting our decision as limited to holding the ordinance invalid only so far as concerned

the area assessment, reversed the judgment of the trial court, and remanded the cause with directions to enter judgment for the amount of the frontage assessment, with interest.

Both parties sued out writs of error from this court, plaintiff on the ground that the state court refused its application for an area assessment, the landowners upon the ground that there was error in directing judgment for any part of the tax bill sued on.

These contentions must be tested by the true intent and meaning of the mandate of this court, and, so tested, both must be overruled. The mandate, while reversing the judgment that was under review on the former writ of error, permitted further proceedings of any kind to be had in the state courts, provided they were not inconsistent with the opinion of this court. It left the tribunals of the State at liberty to exercise their proper jurisdiction in the cause between the parties, so long as they avoided a conflict with the rights of the landowners under the Fourteenth Amendment as established by our decision. As our former opinion shows, the conflict with federal rights was due solely to the mode in which that portion of the tax which was levied according to area was distributed. The subsequent judgment of the state court sustaining the tax to the extent of the frontage assessment was not inconsistent with it.

The landowners insist that the two elements were inseparable, and that the tax, being void in part, was entirely void. But the Supreme Court of the State held in this case, following *Collier Estate* v. *Western Paving & Supply Co.*, 180 Missouri, 362, 375, that the tax was severable. This, like the kindred question of the severability of a statute of the State, is a question of state law. See *Guinn* v. *United States*, 238 U. S. 347, 366; *Myers* v. *Anderson*, 238 U. S. 368, 380. In those cases we passed upon the question of severability, in the absence of controlling state

rulings; but we were there reviewing the proceedings of federal courts, and were called upon to consider questions of state as well as of federal law, while in reviewing the judgments of state courts we are confined to the federal questions.

Plaintiff's contention that our mandate required a new assessment in lieu of the former area assessment is likewise unfounded. It is true that there would be nothing inconsistent with our former judgment and mandate in imposing a new area assessment, so long as it did not infringe the landowners' rights under the Constitution of the United States. But whether such new assessment should be made, and, if made, whether it should be done by a court or by an assessing board or other appropriate instrumentality, and whether further legislation was needed for the purpose, were and are matters of state law, it being well settled that where a special assessment to pay for a particular improvement has been held to be illegal, the Constitution of the United States does not prevent the making of a new and just assessment to pay for the completed work. *Spencer* v. *Merchant,* 125 U. S. 345; *Bellingham Bay &c. R. R. Co.* v. *New Whatcom,* 172 U. S. 314; *Lombard* v. *West Chicago Park Commissioners,* 181 U. S. 33, 42. Our former decision left the Supreme Court of Missouri, and the other agencies of the State, entirely unhampered in this regard.

No. 461, *Affirmed.*
No. 473, *Affirmed.*