## TALIAFERRO et al. v. RAILWAY TERMINAL WAREHOUSE CO.

### No. 4868.

Court of Appeals of District of Columbia.
Argued Feb. 5, 1930.

Decided March 3, 1930.

Petition for Rehearing Denied March 29, 1930.

F. H. Stephens and V. E. West, both of Washington, D. C., for appellants.

Charles H. Merillat, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia canceling assessments against certain property belonging to appellee, plaintiff below, for roadway paving and for laying curb.

The property in question is situated on Rhode Island avenue, in the city of Washington, and consists of two lots described on the plat, set out in the record, as 131/41 and 131/61. As to lot 131/61, it is conceded by counsel for the District that the assessments thereon cannot be sustained in view of the decision of this court in Johnson et al. v. Rudolph et al., 57 App. D. C. 29, 16 F.(2d) 525, 527. The single question, therefore, is the determination of the validity of the assessment against lot 131/41, with a frontage on Rhode Island avenue of 100 feet, extending back on the east line to a depth of 113.4 feet, and on the west line to a depth of 186.64 feet, to the right of way of a branch of the Baltimore & Ohio Railroad.

The assessments were made on what is known as the "front foot rule," under the provisions of the Act of Congress of July 21, 1914, 38 Stat. 517, 524, and of the Act of September 1, 1916, 39 Stat. 676, 716, known as the Borland Amendment. A similar assessment was considered by this court and held void in Johnson v. Rudolph, supra. In that case the property was held nonassessable under the front foot rule because of physical conditions. In one instance farm lands were involved; in the other instances, small irregular lots with large frontage on Rhode Island avenue and small depth. It was held that, owing to the irregular and unequal area of the parcels of property involved, when compared to lots and blocks similarly situated in that vicinity, fronting on Rhode Island avenue, the application of the front foot rule of assessment would operate so unequally and inequitably as to render the assessments void. In other words, to apply the act under those conditions would shock the conscience of a court of equity.

It is contended by the District in the present case that the area of the lot in question, in its relation to the avenue, is such as to relieve the case of the inequities found in the Johnson Case. But the size, shape, improvements, or favorable location of the instant property, is not the test to be applied in determining the validity of an assessment under the front foot rule. The test is the relation of the property to other properties facing on the avenue, and in the immediate vicinity. For example, the property immediately west of lot 131/41 has a frontage on Rhode Island avenue of 27.49 feet, yet the lot in area is much the larger of the two; and the lot immediately east, with a frontage of 138.63 feet on the avenue, has an area of little more than one-half of the lot 131/41. Similar inequalities exist as to property situated along Rhode Island avenue, both east and west of the property in question.

We are not dealing here with a district assessment, though the situation would not be different if we were. Gast Realty Company v. Schneider Granite Company, 240 U. S. 55, 36 S. Ct. 400, 60 L. Ed. 1239. Nor do we have to·take into consideration the matter of a legislative adjudication of the benefits to accrue from the paving and curbing, as might be the case were it a district specifically defined in the act. As we said in the Johnson Case: "The present law is not a legislative adjudication concerning a particular place and a particular plan, but it applies to streets, avenues, and roads generally throughout the District; it is a general prospective law. Nor are the assessments based proportionately upon an ascertained valuation of the properties, as, for example, in the case of Wight v. Davidson, supra [181 U. S. 371, 21 S. Ct. 616, 45 L. Ed. 900]. Therefore, in testing the validity of this amendment, we are not dealing with an incidental benefit common to the whole community, or a legislatively determined method of assessing benefits in a particular locality, but with a general law applied to a unique situation, owing to the peculiar manner in which the avenues of the city of Washington are projected. Their diagonal course through the city squares, together with the irregular manner in which many roads are laid out, as, for example, Brentwood road in the present case, result in creating irregular, triangular, fractional blocks, facing upon such roads and avenues."

We are not prepared to hold that under certain conditions and proper regulations a front foot assessment might not be sustained. Such an assessment was upheld in French v. Barber Asphalt Paving Company, 181 U. S. 324, 21 S. Ct. 625, 633, 45 L. Ed. 879. The work consisted of paving an improved street. It appeared that "all of the lots abutting thereon front the street and extend back therefrom uniformly to the depth of an ordinary city lot to an alley," that the lots were "all improved and used for residence purposes," and that the lots were substantially on the grade of the street as improved.

It also appeared that the work was done conformably to the requirements of the charter of Kansas City, Mo., and that the resolution adopted by the common council of the city, defining the character of pavement, the street to be paved, the width thereof, etc., was published for ten days in a newspaper doing the city printing; that under the charter the owners of a majority of the front feet on the street could file a remonstrance with the city clerk against the proposed improvement and thereby divest the council of the power to make the improvement. Such a petition was not filed, which amounted to an assent on the part of the property owners. It will be observed that no such situation is presented in the present case.

Relying upon our decision in Johnson v. Rudolph, supra, we are of the opinion that the law cannot be upheld where a situation exists such as is here disclosed.

The decree is affirmed, with costs.