DOUGHERTY et al. v. AMERICAN SECURITY & TRUST CO. et al.

No. 4949.

Court of Appeals of District of Columbia.

Argued March 7, 1930.

Decided April 7, 1930.

F. H. Stephens and V. E. West, both of Washington, D. C., for appellants.

Frederic D. McKenney, John S. Flannery, G. Bowdoin Craighill, Wilton J. Lambert, and Rudolph H. Yeatman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia, canceling assessments for the widening and paving of Wisconsin avenue.

The bill was filed by the American Security & Trust Company, and Edward B. McLean, as trustees of the estate of John R. McLean, deceased; and involves assessments made against various parcels of land abutting on Wisconsin avenue, containing about 75.16 acres. The assessments were made under the provisions of the Act of Congress of July 21, 1914, 38 Stat. 517, 524; and also the provisions of the Act of September 1, 1916, 39 Stat. 676, 716, known as the Borland Amendment.

The method of taxation provided for in the foregoing statutes is under what is known as the front foot rule. In the present

case the defendants were assessed $2.92 per front foot on the land abutting on said avenue, for paving, and $.574 per front foot for the curb; the total assessment amounting to $6,618.27.

The decree is based upon the decision of this court in the case of Johnson et al. v. Rudolph et al., 57 App. D. C. 29, 16 F.(2d) 525, involving a similar assessment on Rhode Island avenue. The conditions are so similar on Wisconsin avenue to those on Rhode Island avenue, and the issues here involved to those in the Johnson Case, that a brief comparison will dispose of the present case.

The lands here involved comprise a tract which was used as a country home by John R. McLean during his lifetime, and is now occupied by his son Edward B. McLean. On the plat filed herein, streets are shown which have not been opened, but are projected under the "District Highway Plan," which presents a situation exactly similar to that considered in relation to the small tract in the Johnson Case. Across Wisconsin avenue from the McLean tract, and on the east side thereof, the lots and blocks abutting on the avenue are largely improved with dwellings, and similar improvements are found on the west side of the avenue immediately south of the McLean tract; while immediately to the north of the McLean tract lies what is known as the Heurich tract, also involved in this litigation. North of the Heurich tract, and on the west side of Wisconsin avenue, the lots and blocks abutting on the avenue are largely improved and occupied as dwellings.

The same contention is here made by appellees, as was made by appellants in the Johnson Case, to the effect that, because of the peculiar relation of plaintiff's property to Wisconsin avenue, and the relation of other property similarly situated to the avenue, the assessments made on the frontage basis are arbitrary, unequal, and discriminatory. Reference to the plat discloses that the lots and blocks on Wisconsin avenue, in the vicinity of the McLean tract, owing to the diagonal course of the avenue through the city squares, results in creating irregular, triangular lots, and fractional blocks, abutting on the avenue.

It will be observed that, in so far as the consideration of the assessments for paving are concerned, the case is controlled by our decision in the Johnson Case. A question, however, is raised as to the assessment for the expense of curbing. It is contended by counsel for the District that the curbing is separate and distinct from the paving of the street, and "is neither part of the sidewalk nor part of the street paving, but is a separate structure, separately provided for in the statutes, separately assessed and separately collected." Regardless of the manner in which the curbing tax is assessed and collected, or whether it belongs to the paving or the sidewalk, or is an independent structure, the assessment is on the front foot basis, and is subject to the same objections as those interposed in the case of the paving assessments.

The decree is affirmed, with costs.