**CROSBY et al., Commissioners of the District of Columbia, v. DODGE.**

**No. 5220.**

Court of Appeals of District of Columbia.

Submitted Dec. 3, 1930.

Decided Jan. 6, 1931.

Wm. W. Bride, Vernon E. West, and F. H. Stephens, all of Washington, D. C., for appellants.

Walter C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This is an appeal from a decree of the Supreme Court of the District of Columbia canceling the assessment against the owner of lot 804 in square 725 for the expense of paving the street in front of this property.

From plats appearing in the record, this property is situated on the north side of B street, between First and Second Streets, Northeast, in the city of Washington, abutting 28.75 feet on B street and extending back to an alley a distance of 226.75 feet.

The lots abutting on B street in square 725 vary in frontage from 14.67 feet to 115 feet; in depth from 52 feet to 226.75 feet; in area from 1,332.24 feet to 10,222.92 feet, the lot owned by appellee having an area of 6,569.06 feet. One lot is wider in the rear than on the street. Other lots are narrower in the rear than on the street front. Some of the lots extend back to alleys located in varying distances from the street. Other lots have no access to any alley. While the lots in the main are rectangular, some of them, due to the situation of the alleys and other offsets, are irregular in shape. For example, lot 816, having an area of 1,657.76 feet, has a larger assessment imposed against it than the lot of appellee.

The block south of B street, owing to its frontage on Maryland Avenue, is approximately triangular in shape. The lots are irregular in shape, not rectangular, and are subject to all of the objections that confronted us in the case of Johnson v. Rudolph, 57 App. D. C. 29, 16 F.(2d) 525, 527, and in Dougherty et al. v. American Security & Trust Co., 59 App. D. C. 301, 40 F.(2d) 813.

Counsel for appellants have again discussed at length the decisions of the Supreme Court reviewed in the Johnson and Dougherty Cases. We deem another review of these cases unnecessary further than to suggest that the Supreme Court will not consider and overrule a decision of the state court, upholding a front-foot assessment, where the federal question has been eliminated, as in the case of Schneider Granite Co. v. Gast Realty & Improvement Co., 245 U. S. 288, 38 S. Ct. 125, 62 L. Ed. 292.

The only question, therefore, is whether or not the situation here is so different from that presented in the Johnson and Dougherty Cases, and the later case of Taliaferro et al. v. Railway Terminal Warehouse Co., 59 App. D. C. 376, 43 F.(2d) 271, as to sustain the validity of the statute under which the assessments were made. From the situation here disclosed on the plats appearing in the record, we are not convinced that this case can be brought within any of the rules sustained to uphold assessments on the front-foot basis.

It is urged that plaintiff is not in position to complain, since his lot is rectangular in shape, extends from the street through to the alley, and contains an area above the average of lots abutting B street in square 725, but this does not forbid appellee from contesting this assessment. As we said in the Taliaferro Case: "It is contended by the District in the present case that the area of

the lot in question, in its relation to the avenue, is such as to relieve the case of the inequities found in the Johnson Case. But the size, shape, improvements, or favorable location of the instant property, is not the test to be applied in determining the validity of an assessment under the front foot rule. The test is the relation of the property to other properties facing on the avenue, and in the immediate vicinity."

■ Nor is the fact that the property in question may have been benefited to the full extent of the assessment the test. The real question which determines the liability of appellee is whether the assessment has been imposed under a statute which can be validly applied to his property. As we said in the Johnson Case: "We are not dealing with an incidental benefit common to the whole community, or a legislatively determined method of assessing benefits in a particular locality, but with a general law applied to a unique situation, owing to the peculiar manner in which the avenues of the city of Washington are projected."

Where the inequalities are so manifest as those shown in this case, the rule applied to property abutting on avenues would apply equally to property abutting on streets.

The decree is affirmed, with costs.