**SMITH v. GOTWALS et al., Commissioners of District of Columbia.**

No. 5628.

Court of Appeals of the District of Columbia.

Argued Oct. 3, 1932.

Decided Nov. 28, 1932.

Foster Wood, of Washington, D. C., for appellant.

William W. Bride, Vernon E. West, and Chester H. Gray, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is a special appeal from an order of the Supreme Court of the District of Columbia overruling the motion to strike the answer of appellees to a bill filed by the appellant to enjoin the appellees from collecting an assessment for supposed benefits to certain property in the District of Columbia resulting from the extension and widening of certain streets.

It is alleged in the bill, and admitted by the answer, that the commissioners filed their condemnation petition the 2d of February, 1928. The verdict of the jury was returned November 15, 1929, and confirmed by the court March 15, 1930. By the provisions of that order appellant's "benefits" were definitely determined and the assessment for the amount thereof made a lien on his lands. On May 28, 1930, appellant received a tax bill for the amount of the benefits assessed, and, on May 20, 1931, filed his bill of complaint praying that the lien for such assessments be dissolved and appellees enjoined from the collection of any or all of same.

D. C. Code 1929, T. 25, §. 71, provides as follows: "Where in any condemnation proceedings instituted by the Commissioners of the District of Columbia in accordance with the provisions of sections 52 to 65, inclusive, and sections 72 to 93, inclusive, of this title, the jury of condemnation shall assess benefits against any land or parcel of land no

part of which was taken by the condemnation proceedings, and the owner of the land or parcel of land so assessed for benefits was not served with notice of the condemnation proceedings, notice of such assessment for benefits shall be given by the Commissioners of the District of Columbia by registered letter, mailed to the last known address of the person listed on the records of the assessor of the District of Columbia as the owner of the land," etc.

It is admitted that appellant was not at any time served with notice, and that the registered letter required by the statute to be mailed to him was not mailed. It is true that newspaper notices were published by appellees notifying property owners of assessments for benefits, with a time limit for filing objections, but it is equally true that appellant had no actual notice of the publication and did not appear, and that the time fixed by the court for filing of objections and exceptions to the assessment had expired and a final order of the court entered as to his property prior to the sending of the tax bill or any other legal notice to appellant.

We have, therefore, a case in which appellant has been charged with benefits to his property by reason of the taking in condemnation proceedings by the District of certain other property and the improvements in connection therewith, but in which the order of court confirming the amount of the assessments and all the proceedings in relation thereto were had prior to actual notice to him of the pendency of such proceedings, and in default of a provision of the statute specifically requiring as a condition precedent that "notice of such assessment for benefits shall be given * * * by registered letter mailed to the last-known address of the * * * owner of the land so assessed." Obviously, therefore, the entry of the judgment as to appellant's property, being without notice of any kind or opportunity on his part to object, was a nullity. See Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959; Fultz v. Brightwell, 77 Va. 742. The requirement of the statute as to notice being mandatory, a failure to comply is jurisdictional.

It is, however, insisted by appellees that, in spite of the failure of the commissioners to give the notice required, appellant might, after receipt of the tax bill, have applied to the court to reopen the cause and permit him to file objections, since the cause, though closed as to him, was still on the docket; and further that his failure to file his bill after getting the tax assessment in the latter part of May, 1930, until nearly a year later was laches which destroy the equity of his bill.

We think both these positions unsound.

The statute (Title 25, D. C. Code) was the chart by which the commissioners were authorized to proceed in taking property by condemnation for street purposes, and the section (71), to which we referred, the authority for assessing benefits against adjacent property not taken. Unless and until its conditions are complied with, there is no authority either to take the property on the one hand or to assess the benefits on the other. In terms it requires that notice to the owner of property assessed for benefits shall be given by letter sent by registered mail. This method was adopted to provide the notice without which the assessment would be invalid. Admittedly the statute was not complied with, and admittedly appellant had no actual notice of the proceeding. He was therefore never at any time brought into the proceeding, and until he was brought in there was no obligation imposed on him to take any action in relation thereto, since whatever action was taken in so far as his rights are concerned was necessarily void. That he might have secured a reopening of the case after getting the tax bill, and thus notice of the proceeding, is of no consequence. There was no obligation on his part to inject himself into a case to which he was not then a party, or to supply jurisdiction in a court where none existed. If there was still opportunity for a rehearing, it was equally open to appellees—and the duty, moreover, was theirs rather than appellant's to perfect the pleadings so that jurisdiction would exist in the court and its decree sought by them have binding effect.

Nor do we think there is any substance to the suggestion of laches. Appellees knew of their failure to comply with the statute when in May, 1930, appellant returned the tax bill unpaid. Their attention was then called to the omission to give him the statutory notice. If, as they charge, the case was then still pending, though concluded as to appellant, they had such opportunity as this fact afforded to correct the mistake. Instead, they neither sought to mend their hold nor to have the court revise the apportionment of benefits among the several other property owners involved, as against whom final decrees had not been passed. If by reason of this they are injured, the result is attributa-

ble to them and not to appellant, and they may not now complain.

The lower court should have granted the motion to strike and, on the facts admitted, the relief prayed.

Reversed.