174

## LAKE, to USE of PEYSER, v. THE DISTRICT OF COLUMBIA.

### No. 6136.

United States Court of Appeals for the District of Columbia.

Argued May 10, 1934.

Decided June 25, 1934.

Julius I. Peyser and Aaron W. Jacobson, both of Washington, D. C., for appellant.

William W. Bride and Vernon E. West, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, Felix Lake, to the use of Julius I. Peyser, appeals from an order of the Supreme Court of the District denying appellant's motion to strike the defendant's plea of limitations to plaintiff's declaration.

Appellant sued the District of Columbia, October 4, 1932, to recover the sum of $1,209.08, with interest and costs, which had been paid the District under a special assessment made April 17, 1923, under authority of the acts of Congress commonly known as the "Borland amendments," July 21, 1914, 38 Stat. 517, 524; Sept. 1, 1916, 39 Stat. 676, 716. These acts were subsequently held unconstitutional in a number of cases: Johnson v. Rudolph et al., 57 App. D. C. 29, 16 F.(2d) 525; Dougherty et al. v. American Security & Trust Company, 59 App. D. C. 301, 40 F.(2d) 813; Taliaferro et al. v. Railway Terminal Warehouse Company, 59 App. D. C. 376, 43 F.(2d) 271; Crosby et al. v. Dodge, 60 App. D. C. 36, 46 F.(2d) 727. In all of these cases the assessments, under the Borland amendments, were held void because of inequality and discrimination.

The suit in the present case is to recover for an assessment paid on May 11, 1927, in which the District interposed the plea of the statute of limitations; and on the refusal of the court below to strike the plea of limitations this appeal was taken.

Under the Borland amendments, assessments for roadway improvements could not be levied prior to the completion of the work, and a large amount of work had been done and assessments levied prior to the declaration of this court that the assessments were void. Congress, to meet this situation, by Act of February 11, 1929, 45 Stats. 1160, provided as follows: "The Commissioners of the District of Columbia are hereby authorized and empowered to grant relief in claims for refund of taxes paid, or for cancellation of assessments heretofore made and subsequent to September 1, 1916, in such cases where like assessments, or assessments against property of similar character, have been held to be void or erroneous by decision of the Supreme Court of the District of Columbia, the Court of Appeals of the District of Columbia, or the Supreme Court of the United States: Provided, That any claims for refunds of taxes heretofore paid or for cancellations of assessments heretofore made shall be filed within one year from the approval of this Act. Nothing contained in this Act shall be construed as reducing the period of the Statute of limitations." Section 2.

■ Congress, by this act, authorized the Commissioners to waive the statute of limitations in favor of property owners where claims were presented not later than February 11, 1930; but as to claims filed after that date the District was required to avail itself of the defense of the statute of limitations. The present case comes clearly within the provisions of this act, and since this case was not filed until after the expiration of one year from the passage of the act, and more than three years after the date of pay-

ment of the assessment, D. C. Code (1929), title 24, c. 12, § 341, plaintiff's claim is clearly barred by the statute of limitations.

Appellant contends that the statute of limitations began to run from June 7, 1932, on which date the Commissioners of the District of Columbia ordered the assessor to cancel assessments levied under the Borland amendments prior to February 20, 1928. This amounted merely to a direction to the assessor to cancel the record of paving assessments, which had been held by this court to be void ab initio. No reference to refunds was made by the Commissioners, or acknowledgment of indebtedness to persons who had paid their assessments, which would take this case out of the operation of the statute of limitations.

The judgment is affirmed, with costs.