## SMITH v. GOTWALS et al., Commissioners of District of Columbia.

### No. 6112.

United States Court of Appeals for the District of Columbia.

Argued May 9, 1934.

Decided June 25, 1934.

Rehearing Denied Oct. 12, 1934.

See, also, 61 App. D. C. 304, 62 F.(2d) 466.

Foster Wood, of Washington, D. C., for appellant.

William W. Bride, Vernon E. West, and Chester H. Gray, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This is an appeal from the Supreme Court of the District of Columbia confirming a verdict for the assessment of benefits in a condemnation proceeding.

It appears that on February 2, 1928, the Commissioners of the District of Columbia instituted proceedings for the condemnation of land for the extension and widening of various streets in the District of Columbia. At that time, appellant was the owner of lots 23 and 36 to 45, inclusive, in square 2796. Prior to the rendition of the verdict, these lots were resubdivided, and are now known as lots 47 to 56, in square 2796. These lots were not within the property sought to be condemned.

On November 15, 1929, the jury returned a verdict awarding damages for the property taken, and assessing benefits against other property, among which was the property belonging to appellant. Appellant received no notice by registered mail of the assessments made against him, as required by law; but the jury's verdict was finally confirmed March 3, 1931.

In May 1930, appellant received a tax bill for the benefits assessed against him, and, deeming the assessment void for lack of notice, filed a bill in equity praying that the lien be dissolved and the collection of the tax enjoined. The Commissioners answered, charging that the appellant was guilty of laches. He moved to strike the answer, and, the motion being denied, took an appeal to this court. On the appeal, this court entered an order reversing the judgment of the trial court, Smith v. Gotwals, 61 App. D. C. 304, 62 F.(2d) 466; and, pursuant to the mandate, a decree was entered in the court below, which, among other things, declared the order of the court ratifying and confirming the assessment of benefits against appellant "null and void, and the defendants are perpetually enjoined from the collection of said assessments under the purported authority of said order, and are directed to remove same from the tax records of the District of Columbia."

Following the entry of this order on March 25, 1933, the Commissioners published a new notice of assessment of benefits under the original verdict of the condemnation jury, and also sent a copy of such notice by registered mail to appellant, requiring him to file his objections and exceptions to the verdict assessing benefits against him on or before April 6, 1933. Appellant filed no objections or exceptions, taking the position that the assessments were void and had been so determined by the judgment of this court; and that, by reason of the expiration of the term at which the judgment was entered, the court had lost jurisdiction of the case. The court below, however, at the instance of appellees, entered an order ratifying and confirming the verdict and assessment of benefits against appellant's property, and from the order this appeal was taken.

The single question presented is whether the court below, after the expiration of the term at which the original order was entered ratifying and confirming the verdict of the jury, may, in so far as that judgment was found to be invalid, proceed with the prosecution of the case to its proper conclusion.

The court below limited the injunction to restraining the Commissioners from the collection of the assessments "under the purported authority of said order," referring to the original order of March 31, 1930. It will be observed that the restraining order did not enjoin the defendants from collecting assessments under any valid order that might be made in the condemnation case, and no appeal was taken by appellant from the restraining order.

The Supreme Court in Village of Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443, was considering a case where the corporation of Norwood undertook to make abutting property on a street bear the whole cost of the opening of the street, whether the property was benefited or not to the extent of such costs; and where the corporation had been restrained from enforcing the assessment on the ground that it excluded any consideration of benefits. The court held that the legal effect of the decree was only to prevent the enforcement of the particular assessment in question; and that the corporation still had power to proceed in a proper way to make a new assessment upon the abutting property for so much of the expense of opening the street as might be found equal to the special benefits accruing to the property.

On this point the court (page 293 of 172 U. S., 19 S. Ct. 187, 196) said: "It should be observed that the decree did not relieve the abutting property from liability for such amount as could be properly assessed against it. Its legal effect, as we now adjudge, was only to prevent the enforcement of the particular assessment in question. It left the village, in its discretion, to take such steps as were within its power to take, either under existing statutes, or under any authority that might thereafter be conferred upon it, to make a new assessment upon the plaintiff's abutting property for so much of the expense of opening the street as was found, upon due and proper inquiry, to be equal to the special benefits accruing to the property."

In Schneider Granite Company v. Gast Realty & Inv. Company, 245 U. S. 288, 291, 38 S. Ct. 125, 126, 62 L. Ed. 292, the court, sustaining the power to make a new assessment for completed work, but refusing to direct the method under state law, said: "But whether such new assessment should be made, and, if made, whether it should be done by a court or by an assessing board or other appropriate instrumentality, and whether further legislation was needed for the purpose, were and are matters of state law, it being

well settled that where a special assessment to pay for a particular improvement has been held to be illegal, the Constitution of the United States does not prevent the making of a new and just assessment to pay for the completed work. Spencer v. Merchant, 125 U. S. 345, 8 S. Ct. 921, 31 L. Ed. 763; Bellingham Bay, etc., R. R. Co. v. New Whatcom, 172 U. S. 314, 19 S. Ct. 205, 43 L. Ed. 460; Lombard v. West Chicago Park Commissioners, 181 U. S. 33, 42, 21 S. Ct. 507, 45 L. Ed. 731."

We think there is no doubt as to the validity of the proceedings had in this case. If appellant's property had been taken in the condemnation proceeding, it would then have been necessary for the Commissioners to institute an entirely new proceeding for the condemnation and taking of his property, but his property was not any part of the property condemned and taken, but only property that was assessed for benefits.

The procedure for condemnation of property in this District is clearly defined in the case of Shannon & Luchs Construction Company v. Reichelderfer, 61 App. D. C. 36, 38, 57 F.(2d) 402, 404, as follows: "The effect of the statute in condemnation proceedings is twofold. In the first place, notice is served upon the property owners whose lands are to be condemned. On this issue, trial is had, and, if the jury in the assessment of benefits assesses lands owned by others than those who have been brought into court in the first instance, the court is then required 'to give public notice of the lands or parcels of land assessed for benefits, no part of which was taken by the condemnation proceedings, by advertisement once in each of three daily newspapers published in the District showing the amount assessed against each such piece or parcel of land and stating the time within which interested parties may file with the court any objections or exceptions they may have to the verdict.' Congress manifestly intended that the condemnation proceedings should be concluded before the second stage of the proceedings should be instituted."

It is clear that, if appellant's property had been taken in the condemnation proceedings, an entirely new proceeding would be necessary, but, inasmuch as no part of appellant's property was taken but only assessed for benefits, it was proper for the Commissioners to take up the case at the point where appellant, under the statute, could be brought in; namely, after the verdict of the jury fixed damages and assessment of benefits. This was done; and it is conceded that all provisions of the statute as to notice and time for

hearing were observed before the final decree of the court was entered confirming the verdict of the jury assessing benefits against the property in question.

The decree is affirmed, with costs.