CARUSI v. HAZEN et al., Board of Com'rs.

No. 6207.

United States Court of Appeals for the District of Columbia.

Argued Jan. 14, 1935.

Decided Feb. 25, 1935.

HITZ, Associate Justice, dissenting.

———◆———

Godfrey L. Munter, of Washington, D. C., for appellant.

E. Barrett Prettyman and Vernon E. West, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This action was brought in the Supreme Court of the District of Columbia to cancel an assessment against lots 806, 807, 808, and 809, in square 281, in the city of Washington, on the ground that appellees, the Board of Commissioners of the District of Columbia, had failed to comply with a statute authorizing the assessments; and that the assessments were arbitrary, unequal, discriminatory, and void.

From a decree dismissing the bill the case comes here on appeal.

It appears that the Board of Commissioners gave notice of their intention to pave the alley in square 281. Appellant's lots face west on Thirteenth street, and extend back to an alley extending north and south but not through the block. An alley extends east and west through the block between lots 805 and 806. This alley abuts on appellant's lot 806 for the full length thereof, and all of appellant's lots abut on the north and south alley extending partially through the block, crossing and connecting with the east and west alley.

The Commissioners proceeded under the act of Congress of August 7, 1894, 28 Stats. 247, which provides as follows: "The Commissioners of the District of Columbia are authorized and empowered, whenever in their judgment the public health, safety, or comfort require it, or whenever application shall be made therefor, accompanied by a deposit equal to one-half the estimated cost of the work, to improve and repair alleys and sidewalks, and to construct sewers and sidewalks in the District of Columbia of such form and materials as they may determine, and to pay the total cost of such work from appropriations for assessment and permit work. Said Commissioners shall give notice by advertisement, twice a week for two weeks in some newspaper published in the city of Washington, of any assessment work proposed to be done by them under this Act, designating the location and the kind of work to be done, specifying the kind of materials to be used, the estimated cost of the improvement, and fixing a time and place when and where property-owners to be assessed can appear and present objections thereto, and for hearing thereof. One-half of the total cost of the assessment work herein provided for, including the expenses of the assessment, shall be charged against and become a lien upon abutting property, and an assessment therefor shall be levied pro rata according to the linear frontage of said property."

The case was submitted upon an agreed statement of facts, from an examination of which it does not appear that under the circumstances the assessment was either arbitrary, unequal, or discriminatory. The assessment was for one-half the cost of paving the north half of the east and west alley, extending along the south side of lot 806; and one-half the cost of paving the east half of the north and south alley extending along and abutting upon the rear ends of appellant's lots. There is nothing in the location of the lots in square 281, as shown on the plat, to justify any charge of unfairness or inequality in making these assessments. The lots are generally of similar shape and proportions, facing upon the streets surrounding the square and extending back to and abutting upon the alleys. This does not present a situation that will justify the application of the rule invoked by this court in Johnson et al. v. Rudolph et al., 57 App. D. C. 29, 16 F.(2d) 525. In that case the assessment upon the frontage basis was found to be inequitable. No such condition prevails in this case.

We come now to consider the more difficult question of the sufficiency of the notice in this case. The District relies

446

wholly upon the notice as published twice a week for two weeks in the Washington Times, a paper of general circulation published in the city of Washington. The notice reads as follows: "Commissioners D. C. Washington, February 17, 1930. Notice is hereby given that the Commissioners intend to make the following named improvements which are, in their judgment, necessary for the public health, safety, and comfort. Assessments for one-half of the cost of the same will be made as provided in Public Act No. 171, approved August 7, 1894. All persons interested in the proposed work are notified that the Commissioners will give a public hearing at the District Building on Wednesday, March 5, 1930, at 10 o'clock, a. m., in the board room of the said Commissioners, to any and all persons who may desire to object thereto. Northwest Section. Lay Cement Curb and Gutters."

Following this notice, and printed in the same small type, were designated a vast number of alleys and streets which it was proposed to pave and improve. The list, together with the notice, covered more than a column and a half of the newspaper, and was printed in a type so fine and indistinct as to make it difficult to read. In the midst of this maze of alleys, streets, and squares, described appears: "Alley in square 281, at an estimated cost of $7,430.00."

It is claimed that this notice is insufficient under the statute to charge the defendant with a default for failing to appear and enter her protest. We agree that it comes very near to the line, but, inasmuch as the notice technically complies with the requirements of the statute "designating the location and the kind of work to be done, specifying the kind of materials to be used, the estimated cost of improvement, and fixing the time and place when and where the property owners to be assessed can appear and present their objections thereto," and the absence of anything tending to make the assessment unequal or unfair, we are disposed to sustain the sufficiency of the notice.

In sustaining it, however, we feel justified in issuing a word of caution to the Commissioners in issuing notices of this kind in the future. The notices should be so printed, and the properties so individualized, as to readily attract the attention of the owners. Better still, though not required by the statute, in addition to the statutory notice, would be the service of personal notice upon the owners of property along which it is proposed to improve or pave the streets or alleys.

The decree is affirmed, with costs.

HITZ, Associate Justice (dissenting).

I am unable to agree with the conclusion of the court in respect of the sufficiency of the published notice, which was a mere travesty of notice, theoretically complying with the letter of the statute, while wholly disregarding its spirit.

The property in question had stood on the tax records in the same name and ownership for many years, and by a slight effort actual notice could have been brought home to the owner. If the Commissioners disregard their obvious opportunities to give actual notice, and rely wholly on the statute, they should be held to a reasonable and effective compliance therewith, and not to a merely colorable and technical compliance by the publication of a puzzle.