**WILLNER et al. v. HAZEN et al.**

No. 7365.

United States Court of Appeals for the District of Columbia.

Argued Jan. 9, 1940.

Decided Feb. 12, 1940.

Rehearing Denied March 7, 1940.

Warren H. Willner and Helen V. Willner, both of Washington, D. C., in pro. per.

Elwood H. Seal, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, and Stanley De Neale, Asst. Corp. Counsel, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

This appeal is from an order of the District Court, dismissing on motion a complaint to cancel an assessment made by the District of Columbia Commissioners for the paving of alleys abutting appellants' property in the northeast section of Washington City. The assessment was levied under the Act of Congress approved August 7, 1894,[1] which provides that one-half the total cost of the work shall be charged against abutting property and shall be levied "pro rata according to linear frontage of said property". The ground of the complaint is that the assessment is unreasonably disproportionate and greater than the benefit derived.

The complaint was dismissed without opinion, but the grounds urged were that no facts were alleged to show that the assessment was void and that no facts were stated to show that appellants were not estopped to challenge it.

The complaint sets forth the following facts: Appellants' lot fronts 50 feet on 19th

[1] 28 Stat. 247, D.C.Code, Tit. 12, sec. 78.

Street, N. E., has a boundary of 233.17 feet facing on two alleys within the block, and has an area of 7,498 square feet. By zoning regulations, the use of lots in the square is limited to single family detached dwellings.

The complaint includes a chart of the assessments against the respective lots, and it appears from calculation that the amount charged against appellants is 222% higher than the average assessment against other lots bounding on the alleys. Other lots with about the same area, and one with an area of over 9,000 square feet, were assessed about one-third of the amount charged against appellants, solely because their alley frontage was correspondingly less.

In view of the provisions of the zoning law, appellants cannot use their land for commercial enterprise, and it is not possible for them to recoup the excess of the assessment by changing the nature of the improvements. Their use of the alleys appears, therefore, not to be different from that of other abutting properties. While it is true the value of the lot is not shown, we think we may take judicial notice that, in the circumstances stated, the amount of the assessment is wholly disproportionate to any use to which the lot is susceptible by reason of the improvement. The situation in this respect is quite different from Carusi v. Hazen, 64 App.D.C. 194, 76 F.2d 444, where the lots there in question were zoned "first commercial", as the result of which the paving improvement could be utilized to increase both the value and the return on the investment. This case resembles, we think, more nearly Johnson v. Rudolph, 57 App.D.C. 29, 16 F.2d 525, 530, where we held that a showing of such inequalities as we have indicated compelled a court of equity to intervene to prevent an injustice. The latter case involved the paving of a roadway, and the assessment was made, as here, according to the statutory front foot rule. Notwithstanding, we said that before the rule could be applied, "there must be a relative equality in the value and depth of the abutting property, and the assessments must not exceed the benefits", and we held that the assessment which violated this rule should be set aside. Following that decision, we decided in like manner the similar cases of Taliaferro v. Railway Terminal Warehouse Co., 59 App. D.C. 376, 43 F.2d 271; Dougherty v. American Security & Trust Co., 59 App.D.C. 301, 40 F.2d 813; Dougherty v. Heurich, 59 App.D.C. 303, 40 F.2d 815; Crosby v. Dodge, 60 App.D.C. 36, 46 F.2d 727; and Gotwals v. Miller, 61 App.D.C. 402, 59 F.2d 1051. It is established law, therefore, that the front foot rule may not be applied in situations of this kind.

We think appellants at least stated a case within the scope of our former decisions and were entitled to a trial on the merits. There is nothing on the face of the complaint itself to show that appellants are estopped to bring this suit. In this view, we think the motion to dismiss should have been denied.

Reversed.

### On Petition for Rehearing.

Appellees' petition for a rehearing indicates some confusion as to the basis of our decision, especially in regard to a quotation from the Johnson case, which may have appeared to require a consideration of the depth of lots in making assessments. This was not intended as a strict requirement. What we held in the instant case and what we had formerly held in six other cases, involving, however, streets rather than alleys, —though we think the same rule should apply to improvements of alleys,—is and was that the rule is that an assessment made under a general law should be set aside where it exceeds the benefit derived, and also where it imposes a share of the burden in such a way as to produce inequality and discrimination. In so far as the argument on the motion for rehearing relates to the peculiar benefits accruing from the pavement of a side alley, the facts should be proved at a trial on the merits. The motion to dismiss admitted the averment that the assessment is greater than the benefit derived. If the proof sustains that averment, the landowners' assessment should be revised.

Motion for rehearing denied.