**James F. PATON and Margaret S. Paton,**
**Appellants,**

**v.**

**DISTRICT OF COLUMBIA, a municipal**
**corporation, Appellee.**

No. 2955.

Municipal Court of Appeals for the
District of Columbia.

Argued April 23, 1962.

Decided May 11, 1962.

Roland D. Hartshorn, Arlington, Va., for appellant.

Marvin E. Perlis, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

James F. Paton, for appellants.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

This is an appeal by a husband and wife, owners of real property in the District of Columbia, from dismissal of their complaint to cancel a special assessment by the appellee municipality for certain paving improvements to the sidewalks and an alley adjacent to their property.[1]

We think that the case was properly dismissed, but not on the grounds apparently adopted by the trial court.[2] An appellate court may affirm for different reasons.[3] From an examination of the record, we find that there was no jurisdiction to entertain the cause of action under the equity powers of the Municipal Court and to grant the relief sought by the appellants. Although the jurisdictional issue was not questioned by either appellant or appellee, it is well settled that jurisdiction of the subject matter of a case may neither be assumed by a court nor conferred upon it by consent or silence of the parties. It may be raised *sua sponte* by the appellate court.[4]

This court has had occasion previously to point out the limited scope of the equity powers of the Municipal Court and it was particularly noted that they are not of a broad general character.[5] The Municipal Court has exclusive jurisdiction of civil actions in which the claimed value of personal property or the debt or damages claimed does not exceed $3,000 [6] and, as an incident to its exclusive jurisdiction, it has such equitable power as may be necessary to fully and completely exercise its jurisdiction. "The Municipal Court's equity power is incidental and limited and is not primary or general." [7]

In the present case, appellants did pay a portion of the special assessments against their property and apparently concede that they owe some amount for their contribution to the paving improvements by the municipality on public ways adjacent to their property. However, they complain that the present assessments are "void in their inception due to the inclusion therein of unlawful, erroneous and illegal charges." No personal property is herein involved. No

1. Code 1961, Title 47–1101.

2. The *final* dismissal of the second amended complaint by the trial court was apparently for failure (1) to file a timely protest of the special assessments and (2) to state a claim upon which relief can be granted.

3. Laughlin v. Eicher, 79 U.S.App.D.C. 266, 269, 145 F.2d 700, cert. den. 325 U.S. 866, 65 S.Ct. 1403, 89 L.Ed. 1985; Jones v. District of Columbia, D.C.Mun.App., 123 A.2d 364.

4. Laughlin v. Cummings, 70 App.D.C. 192, 105 F.2d 71; Henderson v. E Street Theatre Corporation, D.C.Mun.App., 63 A.2d 649; Whitman v. Noel, D.C.Mun. App., 53 A.2d 280.

5. Sheherazade, Inc. v. Mardikian, D.C.Mun. App., 143 A.2d 512, 514.

6. Code 1961, Title 11–755.

7. Friedman v. District of Columbia, D.C. Mun.App., 155 A.2d 521, 522.

# 846

claim is presented for a debt or for damages. No money judgment is asked. Primarily what appellants seek is a *redetermination* of the special assessments and the restraint of an official act by municipal officers. Only a court of general equity jurisdiction has power to grant such relief;[8] and the Municipal Court, lacking such general equity powers, has no jurisdiction to entertain the complaint in this case. The dismissal was therefore proper.

In view of the disposition of the case, we have not considered any of the alleged errors claimed by appellants.

Affirmed.

8. Willner v. Haven, 71 App.D.C. 373, 111 F.2d 511; Dougherty v. American Security & Trust Co., 59 App.D.C. 301, 40 F.

2d 813; Johnson v. Rudolph, 57 App.D.C. 29, 16 F.2d 525.

